A. M. Headley and Eliza de la Pena v. The State.

No. 36. Decided February 2, 1910.

**Scire Facias—Bail Bond—Grand Jury—Indictment.**

Where the grand jury had failed to present an indictment against the principal in the bail bond at the next term of the District Court, and there was no order entered of record that such a prosecution should be and had been continued by the direction of the court, a judgment nisi on said bail bond at a subsequent term of the court was not authorized; and a mere general entry at the former term to the effect that it was unnecessary to impanel the grand jury, would not constitute a continuance of the prosecution.

Appeal from the District Court of Starr. Tried below before the Hon. W. B. Hopkins.

Appeal from a judgment final upon an appearance bond for $500 against the principal and his surety.

The opinion states the case.

*R. B. Creager* and *Noah Allen,* for appellants.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellants, on the 27th day of July, 1906, became sureties on the bond of one Procopie Canales in the sum of $500 for his appearance before the next term of the District Court of Starr County to be holden on the 22d day of October of the same year to await the action of the grand·jury. A term of court was held on the date last named in said county, but no indictment was returned

against Canales. At the succeeding term of said court, held in March, 1907, Canales was indicted and thereafter on April 1, 1907, he not appearing, judgment nisi was entered upon the bond. At the October term of said court following this judgment nisi was made final over the objections and protests of appellants.

There are a great many questions raised on the appeal which we deem it unnecessary to discuss. We think, under the uncontradicted evidence in the case, the State was not entitled to recover. Subdivision 4 of article 488 of our Code of Criminal Procedure, in stating the causes which would exonerate the defendant and his sureties from liability upon a forfeiture taken, is as follows: "Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court." To meet this objection, the State was permitted, over the objection of appellant, to introduce in evidence the following order: "On this 22d day of October, 1906, came on to be called the grand and petit jurors of this term of court and thereupon the court having previously determined that same were unnecessary and not needed for this term, and A. Wood, F. J. Crum and J. S. Monroe, being the only persons appearing, it is ordered that said persons be and are hereby allowed their pay as jurors for this day, and that they, together with all the grand and petit jurors summoned for this term are discharged." This was admitted by the court evidently on the theory that in substance it amounted to a continuance of the prosecution by order of the court. We do not think it had this effect. Evidently the law meant to provide by the section above quoted that where a person charged with a crime had been held over to await the action of the grand jury, if not indicted at the term of court at which his case was returnable, the sureties should be relieved, unless by an order duly entered the prosecution had been continued. It was no doubt understood that pending the court to which the case would properly be returnable, the sureties might exercise some reasonable surveillance or observation of defendant, secure employment for him or otherwise make it easily possible for him to be in attendance upon the court, and that ordinarily they would do so, but that if such accused was not then indicted, it would be assumed and presumed that no violation of law had been committed by him and that their liability had been thereby discharged. Evidently, however, in view of the fact that it could easily be foreseen that the witnesses might not be available, it was left in the discretion of the court to continue the prosecution to the end that justice might be attained by an order entered of record that such prosecution should be and had been continued by direction of the court. This order, when made, would ordinarily be required, we think, to specify the case or cases in which the prosecution had been so continued. We do not think this provision of the statute was met by a general entry to the

effect that it is unnecessary to empanel a grand jury. This would not constitute a continuance of the prosecution. The fact that the court certifies that he had previously determined that it was unnecessary to empanel a grand jury would rather indicate that the court had determined that the prosecution should not be continued and was without merit. We think the defense established on the trial was conclusive and that the State is not entitled to recover, and to permit such recovery would be not only a violation of the law, but a breach of good faith on the part of the State.

For the error pointed out the judgment of the court below is reversed and the cause is here rendered that the State take nothing by the prosecution and that the appellants go hence without day.

*Reversed and rendered.*