**Otis Lee HOLLINS et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41127.**

Court of Criminal Appeals of Texas.

April 17, 1968.

Rehearing Denied May 29, 1968.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., J. E. Naron, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

This is a bond forfeiture case.

The appellants, C. W. Bennett, Jr., and Bernice Bennett, were sureties upon the appearance bond of Otis Lee Hollins.

The bond, dated July 8, 1966, in the principal sum of $1,500 was conditioned that the principal appear instanter in the Criminal District Court of Harris County to answer the charge of a felony.

On August 23, 1966, indictment was returned against the principal, Hollins, charging him in separate counts with the offenses of felony theft, forgery by endorsement, and passing a forged instrument.

Thereafter, on June 22, 1967, judgment nisi was rendered by the criminal district court against the principal and sureties, forfeiting the bond upon failure of the principal to appear and answer the charge.

Scire facias was issued on July 7, 1967, and service was had upon the sureties, who duly filed their answer in the cause.

On November 30, 1967, after notice to appellants of the date set for trial, and their failure to appear, a final non-contested judgment was entered against the principal and sureties for the full amount of the bond.

■ Appellants first insist that the judgment of forfeiture was erroneous because of the failure to serve the principal, Hollins, with citation.

Such contention is without merit, in view of the provisions of Art. 22.03, C.C.P., which only require that citation shall issue, notifying the sureties that the bond has been forfeited and requiring them to appear and show cause why the judgment should not be made final. See: Johnson et al. v. State, 172 Tex.Cr.R. 624, 361 S.W.2d 574.

■ Appellants next insist that the scire facias was insufficient because it did not state the date of the bail bond obligation and also did not state the specific offense for which the principal was charged.

In their brief, appellants concede that upon the enactment of Art. 22.04 of the present Code of Criminal Procedure the statutory requisites of a citation under the old Art. 427, C.C.P., including the requirement that the citation state the offense with which the principal was charged and the date of the obligation, were eliminated. They insist, however, that such date and name of the offense should now be stated either in the citation or the copy of the judgment nisi attached thereto.

Art. 22.04 of the present Code, which prescribes the requisites of a citation in a bond forfeiture, reads as follows:

"A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court shall be attached to the citation and the citation shall notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final."

The citation in the instant case was in the form provided, in Rule 101, Vernon's Texas Rules of Civil Procedure, for citations in civil cases. It also complied with the above article, 22.04, supra, and had attached thereto a copy of the judgment of forfeiture. Such was sufficient.

It should be observed that under the provisions of Art. 427, supra, prior to its repeal, it was held that a recitation in a bail bond, judgment nisi, and scire facias that the defendant-principal was charged with a "felony" was a sufficient legal description of the offense. Pharis et al. v. State, Tex.Cr.App., 362 S.W.2d 857.

■ Appellants lastly contend that the court erred in denying them judgment on

their pleadings because of the failure to timely indict the principal or cause the prosecution to be continued by order of the court. Reliance is had by appellants upon Arts. 22.13 and 32.01 of the Code in support of their contention.

Art. 22.13 provides, in part, as follows:

"The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

\*    \*    \*    \*    \*    \*

"4. Failure to present an indictment or information at the first term of court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court."

Art. 32.01 provides:

"When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail."

The record shows that the principal was admitted to bail during the May, 1966, term of court and that the indictment was returned against him at the succeeding August, 1966, term of court.

It is apparent that the statutes are not here applicable, as the indictment was returned against the principal at the next term after he was admitted to bail.

The judgment is affirmed.