**Frank SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57171.**

Court of Criminal Appeals of Texas.
Panel No. 1.

Feb. 15, 1978.

Edith Roberts, Austin, for appellant.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a final judgment forfeiting an appearance bond.

 The appellee did not file a brief in this Court within 25 days after the filing of appellant's brief as required by Tex.R. Civ.P. 414. The appellee's motion for an extension of time was denied by this Court on February 6, 1978. The appellee's failure to file a brief allows us to accept as true any statements in appellant's brief as to the facts or the record. Tex.R.Civ.P. 419; Art. 44.44, V.A.C.C.P.; *Weatherly v. Byrd,* 519 S.W.2d 504 (Tex.Civ.App.—Fort Worth 1975, no writ); *Howard v. Pullicino,* 519 S.W.2d 254 (Tex.Civ.App.—Austin 1975, no writ); *Farley v. Farley,* 503 S.W.2d 679 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.).

The appellant, who was surety on the bond, makes the following statements in his brief:

"There is no order reflecting that the prosecution had the right to continue this case in the record. The offense was committed June 7, 1976. The principal was indicted during the October term of Court 1976. The principal should have

been indicted at the next term of Court, July 1976."

Art. 22.13, Sec. 4, V.A.C.C.P., provides for exoneration due to:

"Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court."

The statements in the appellant's brief, taken as correct, show that the principal was not indicted at the next term of the 147th District Court of Travis County after he was admitted to bail. See Art. 199, Sec. 147(5), V.A.C.S. Under these circumstances, appellant is entitled to exoneration from the forfeiture. Art. 22.13, Sec. 4, V.A.C. C.P.; *Headley v. State,* 58 Tex.Cr.R. 185, 125 S.W. 27 (1910); *Jones v. State,* 11 Tex. App. 412 (1882). Cf. *Hollins v. State,* 427 S.W.2d 865 (Tex.Cr.App.1968).

The judgment making final the forfeiture is reversed.