**Robert LAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–190–CR.**

Court of Appeals of Texas, Austin.

July 3, 1985.

Art Keinarth, Smithville, for appellant.

Charles Houston, Dist. Atty., Bellville, for appellee.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

PER CURIAM.

The trial court found appellant guilty of theft of cattle and assessed punishment at imprisonment for five years, probated. Tex.Pen.Code § 31.03 (1975 Tex.Gen.Laws, ch. 342, § 10, at 914; 1981 Tex.Gen.Laws, ch. 298, § 1, at 849). The sole issue on appeal is whether the trial court erred in overruling appellant's motion to dismiss the indictment for violation of the Speedy Trial Act. Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1985) (hereafter referred to as "the Act"). Because we conclude that the trial court did not err, we affirm the judgment of conviction.

Appellant was arrested for the instant offense on May 31, 1983, and thereafter released on bond. On August 3, 1983, the grand jury "no billed" appellant; i.e., nine members of the grand jury failed to concur in finding a bill of indictment. Tex.Code Cr.P.Ann. art. 20.19 (1977). Subsequently, on September 23, 1983, a second grand jury returned the indictment on which this cause is based.

Appellant was arraigned on October 5, 1983, at which time the State orally announced ready for trial. On October 14, 1983, after appellant filed his motion to dismiss, the State filed a written announcement of ready. Both announcements claimed present readiness only; the State did not announce that it had been ready at any time prior to October 5.

■ It is undisputed that the criminal action commenced for the purposes of the Act on May 31, when appellant was arrested and released on bond. The State did not claim to have been ready for trial on or before September 28, 1983, the 120th day following the commencement of the criminal action. Therefore, the State had the burden to show that enough time was excludable under § 4 of the Act to bring its October 5 announcement of ready within the statutory time limit. *Jordan v. State*, 639 S.W.2d 477 (Tex.Cr.App.1982); *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980).

■ At the hearing on appellant's motion to dismiss, the State argued, as it now argues before this Court, that the return of the "no bill" on August 3 tolled the running of the Act until September 23, when the indictment was filed. The State relies on § 4(7) and (10) of the Act. If the State is correct in its analysis of the effect of the grand jury's action, the October 5 announcement of ready was timely.

Section 4 of the Act provides:

In computing the time by which the state must be ready for trial, the following periods shall be excluded:

.    .    .    .    .

(7) if the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge;

.    .    .    .    .

(10) any other reasonable period of delay that is justified by exceptional circumstances.

Clearly, the grand jury's failure to return a bill of indictment did not constitute a final judgment. *See* Tex.Code Cr.P.Ann. art. 42.01 (Supp.1985). Moreover, the grand jury's action did not constitute a dismissal upon motion of the State because, if for no other reason, no such motion was ever filed. Therefore, § 4(7) does not apply and this appeal reduces itself to the following issue: does a grand jury's failure to return a bill of indictment in a case that has been presented to it by the State constitute an exceptional circumstance under § 4(10) of the Act? This is a question of first impression.

Appellant relies on the decisions in *Buford v. State*, 657 S.W.2d 107 (Tex.Cr.App. 1983) and *Pate v. State, supra,* in support of his argument that the period of delay

resulting from the grand jury's refusal to return a bill of indictment is not excludable under the Act. In *Buford* and *Pate,* the court held that the State's announcement of ready was rebutted by the fact that no charging instrument had been filed in the proper court at the time the announcement was made. Appellant also refers us to the concurring opinion in *Rosebury v. State,* 659 S.W.2d 655, 657 (Tex.Cr.App.1983), where Judge Clinton states:

> [I]t is clear that the legislative objective [of the Act] is to cause the State promptly to sort out its offenses, obtain one or more charging instruments and get ready for trial within the prescribed period of time from commencement of the criminal action. See *Buford v. State* [citation omitted] and *Pate v. State* [citation omitted], both of which imply that an appropriate charging instrument must be on file in the proper court in order for an announcement of ready to be meaningful and effective. [footnote omitted]

*Pate, Buford,* and *Rosebury* do not speak to the question before us. An indictment was on file at the time the State announced ready for trial. The question presented is whether the deadline for the State to make its announcement of ready was extended by reason of the first grand jury's refusal to return an indictment.

■ The Speedy Trial Act addresses itself to prosecutorial delay rather than to delay in the judicial process as a whole. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). In determining whether a particular delay is justified by exceptional circumstances, the focus is on whether the delay was within the control of the prosecutor. *Lloyd v. State,* 665 S.W.2d 472 (Tex.Cr.App.1984). In *Lloyd,* the court held that the prosecutor's failure to timely submit the alleged controlled substance to a laboratory for analysis and his failure to submit the case to the first available grand jury were not delays justified by exceptional circumstances under § 4(10) of the Act.

Unlike the prosecutor in *Lloyd,* the prosecutor in the instant cause acted in an expeditious manner. The prosecutor first brought appellant's case to the attention of the grand jury approximately five weeks after appellant's arrest. Despite the refusal of the first grand jury to return a bill of indictment, the prosecutor was able to present appellant's case to the second grand jury, and secure the return of an indictment, within 120 calendar days following the commencement of the criminal action.[1] The delay the State here seeks to exclude under § 4(10) is not the result of any inaction or conscious decision by the prosecutor, but the result of the action of the first grand jury.

■ A grand jury is clearly an agency independent of the prosecutor. The power to constitute a grand jury is an inherent attribute of district courts. *Robinson v. State,* 100 Tex.Cr.R. 424, 274 S.W. 137 (Tex.Cr.App.1924); *Walker v. State,* 98 Tex.Cr.R. 663, 267 S.W. 988 (Tex.Cr.App. 1924). Grand jurors are selected and sworn by the district court, *see* Tex.Code Cr.P. ch. 19, and it is to that court that the grand jury presents its indictments. Tex. Code Cr.P.Ann. art. 20.21 (Supp.1985). The term of a grand jury ordinarily coincides with the term of the district court, Tex. Code Cr.P.Ann. art. 19.01 (Supp.1985), but can be extended by the court to enable the grand jury to conclude its investigation of the matters before it. Tex.Code Cr.P.Ann. art. 19.07 (1977). *See also Anderson v. State,* 70 Tex.Cr.R. 594, 158 S.W. 1198 (Tex.Cr.App.1913); *Woolen v. State,* 68 Tex.Cr.R. 189, 150 S.W. 1165 (Tex.Cr.App. 1912). The district court may also order that a particular case be carried over for consideration by a new grand jury. Tex. Code Cr.P.Ann. art. 22.13(4) (1966); *Headley v. State,* 58 Tex.Cr.R. 185, 125 S.W. 27 (Tex.Cr.App.1910). Thus, while a prosecutor has the discretion to decide which cases he wishes to present to the grand jury and is properly charged with any delay attribut-

---

1. Indeed, had the State announced on October 5 that it had been ready at all times following the return of the indictment, this would have consti-

tuted a prima facie showing of readiness and placed the burden on appellant to show otherwise.

able to the exercise of that discretion, *Lloyd v. State, supra,* delays caused by the failure or refusal of a grand jury to return a bill of indictment cannot be characterized as prosecutorial delay.

A holding that the delay in the return of the indictment caused by the first grand jury's "no bill" is not excludable under § 4 of the Act would, in effect, extend the sanctions of the Act beyond the office of the prosecutor. Such a holding would impose on the grand jury, in those criminal actions commencing with the arrest of the accused, a time limit of 120 days or less for the performance of its duties. The authority of the district court to extend the term of the grand jury and to order a case carried over for consideration by a new grand jury would also be limited. We find nothing in the text of the Act or in the opinions interpreting and applying the Act to support such a result. We also believe that an application of the sanctions of the Act beyond those delays attributable to and under the control of the prosecutor would raise very serious doubts about the constitutionality of such an application of the Act.

Appellant argues that if a grand jury's refusal to return an indictment is held to toll the running of the Act, a prosecutor could avoid his responsibilities under the Act by deliberately presenting inadequate evidence to the grand jury and thereby securing the return of a "no bill." We find it unlikely that a prosecutor would engage in such a tactic. Once a charging instrument is on file in the proper court, a prosecutor may toll the running of the Act by means of a continuance under § 4(6) or a dismissal under § 4(7).[2] Indeed, it is permissible for a prosecutor to dismiss an indictment solely for the purpose of tolling the Act. *Cole v. State,* 650 S.W.2d 818 (Tex.Cr.App.1983). Under the circumstances, there is no apparent need for a prosecutor to resort to the subterfuge of deliberately seeking a "no bill." We hasten to

add that appellant does not suggest, nor do we find evidence, that the prosecutor engaged in such conduct in the instant cause.

■ We hold that the failure of the first grand jury to indict appellant was an exceptional circumstance under § 4(10) of the Act. The period of delay from August 3 to September 23 is not unreasonable on its face, and there is no evidence that this delay was unnecessarily prolonged by the State. When this time period is excluded, the State's October 5 announcement of readiness was timely. Appellant offered no evidence to rebut the State's prima facie showing of readiness, and the trial court did not err in overruling the motion to dismiss the indictment.

The judgment of conviction is affirmed.

---

**2.** In *Lloyd v. State, supra,* the court stated that in a felony prosecution, there is no case to continue under § 4(6) prior to the return of an

indictment. By the same token, there would appear to be no felony charge to dismiss under § 4(7) prior to indictment.