Barron v TDHS 






DISMISSED
MARCH 29, 1990

NO. 10-89-286-CV
Trial Court
# 5295-B
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

THOMAS BARRON, ET UX,
   Appellants
v.

TEXAS DEPARTMENT OF HUMAN SERVICES,
   Appellee

* * * * * * * * * * * * *

 From 87th Judicial District Court
Leon County, Texas

* * * * * * * * * * * * *

MEMORANDUM OPINION

* * * * * * *
This is an appeal from a judgment signed August 18, 1989. A
motion for new trial was filed. The record was due to be filed
December 18, 1989. The transcript was filed in this court December
15, 1989. The statement of facts was received, but not filed, in
this court on February 16, 1990. No motion for extension of time
to file the statement of facts has ever been filed. No briefs by
either party have been received or filed. On March 15, 1990,
Appellee filed a motion to dismiss the appeal pursuant to Rule
54(a) of the Texas Rules of Appellate Procedure.
The appeal is dismissed for failure to file a statement of
facts pursuant to Rule 54(a), Texas Rules of Appellate Procedure.
PER CURIAM
DO NOT PUBLISH 




 {font-family:Batang;
 panose-1:2 3 6 0 0 1 1 1 1 1;
 mso-font-alt:\BC14\D0D5;
 mso-font-charset:129;
 mso-generic-font-family:auto;
 mso-font-format:other;
 mso-font-pitch:fixed;
 mso-font-signature:1 151388160 16 0 524288 0;}
@font-face
 {font-family:Tahoma;
 panose-1:2 11 6 4 3 5 4 4 2 4;
 mso-font-charset:0;
 mso-generic-font-family:swiss;
 mso-font-pitch:variable;
 mso-font-signature:1627421319 -2147483648 8 0 66047 0;}
@font-face
 {font-family:"CG Times";
 panose-1:2 2 6 3 5 4 5 2 3 4;
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:variable;
 mso-font-signature:7 0 0 0 147 0;}
@font-face
 {font-family:"Franklin Gothic Medium";
 panose-1:2 11 6 3 2 1 2 2 2 4;
 mso-font-charset:0;
 mso-generic-font-family:swiss;
 mso-font-pitch:variable;
 mso-font-signature:647 0 0 0 159 0;}
@font-face
 {font-family:"\@Batang";
 panose-1:0 0 0 0 0 0 0 0 0 0;
 mso-font-charset:129;
 mso-generic-font-family:auto;
 mso-font-format:other;
 mso-font-pitch:fixed;
 mso-font-signature:1 151388160 16 0 524288 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman";
 mso-fareast-font-family:Batang;}
h1
 {mso-style-next:Normal;
 margin:0in;
 margin-bottom:.0001pt;
 text-align:center;
 line-height:200%;
 mso-pagination:widow-orphan;
 page-break-after:avoid;
 mso-outline-level:1;
 font-size:12.0pt;
 font-family:"CG Times";
 font-variant:small-caps;
 mso-font-kerning:0pt;
 mso-bidi-font-weight:normal;}
h2
 {mso-style-next:Normal;
 margin:0in;
 margin-bottom:.0001pt;
 text-align:center;
 text-indent:.5in;
 line-height:200%;
 mso-pagination:widow-orphan;
 page-break-after:avoid;
 mso-outline-level:2;
 font-size:12.0pt;
 font-family:"CG Times";
 font-variant:small-caps;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-noshow:yes;
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Franklin Gothic Medium";
 mso-fareast-font-family:Batang;
 mso-bidi-font-family:"Times New Roman";}
p.MsoCommentText, li.MsoCommentText, div.MsoCommentText
 {mso-style-noshow:yes;
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman";
 mso-fareast-font-family:Batang;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 tab-stops:center 3.0in right 6.0in;
 font-size:12.0pt;
 font-family:"Times New Roman";
 mso-fareast-font-family:Batang;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 tab-stops:center 3.0in right 6.0in;
 font-size:12.0pt;
 font-family:"Times New Roman";
 mso-fareast-font-family:Batang;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-next:Normal;
 margin-top:6.0pt;
 margin-right:0in;
 margin-bottom:6.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman";
 mso-fareast-font-family:Batang;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-noshow:yes;
 vertical-align:super;}
span.MsoCommentReference
 {mso-style-noshow:yes;
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;}
p.MsoBodyTextIndent, li.MsoBodyTextIndent, div.MsoBodyTextIndent
 {margin:0in;
 margin-bottom:.0001pt;
 text-align:justify;
 text-justify:inter-ideograph;
 text-indent:.5in;
 line-height:200%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"CG Times";
 mso-fareast-font-family:Batang;
 mso-bidi-font-family:"Times New Roman";}
p.MsoCommentSubject, li.MsoCommentSubject, div.MsoCommentSubject
 {mso-style-noshow:yes;
 mso-style-parent:"Comment Text";
 mso-style-next:"Comment Text";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman";
 mso-fareast-font-family:Batang;
 font-weight:bold;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("02221CR.GonzalesBailBonds.fr.ab2.OP_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->












 

IN
THE

TENTH
COURT OF APPEALS

_______________

                       

                                       No.
10-02-00221-CR

 

        GONZALES
BAIL BONDS,

 

                                                                             Appellant

        v.

 

        THE STATE
OF TEXAS, 

 

                                                                             Appellee

 

_____________________

                           

From the 54th District Court

McLennan County, Texas

Trial Court No. 2001-3574-2

 



O p i n i o n



 

            Gonzales Bail Bonds appeals the granting of the
States summary judgment motion forfeiting a bail bond executed by Gonzales and
the principal, Fernando Rico Rodriguez, Jr. 
Gonzales contends in its sole issue that the court erred in granting the
summary judgment motion because Gonzales raised a fact issue on each element of
its affirmative defense that it is exonerated from liability due to the States
failure to indict Rodriguez at the next term of court after he was released on
bond.  Because the evidence in the
summary judgment record raises a fact issue as to each element of Gonzaless affirmative
defense, we will reverse and remand.

          As the non-movant, Gonzales had the burden to produce
sufficient evidence to raise a fact issue on each element of the affirmative
defense of exoneration.  See Hill
v. State, 955 S.W.2d 96, 101 (Tex. Crim. App. 1997).  We indulge every reasonable inference in the
non-movants favor and likewise resolve all doubts in its favor.  Id.

The
elements of Gonzaless affirmative defense are: (1) [f]ailure to present an
indictment or information at the first term of the court which may be held
after the principal has been admitted to bail, (2) the principal was bound
over before indictment or information, and (3) the prosecution was not
continued by order of the court.  Tex. Code Crim. Proc. Ann. art.
22.13(a)(4) (Vernon Supp. 2004); accord Smith v. State, 561 S.W.2d 502, 503 (Tex. Crim. App. [Panel
Op.] 1978); Acevedo v. State, 18
S.W.3d 775, 776 (Tex. App.San Antonio 2000, pet. refd).

The
essential facts are undisputed. 
Rodriguez and Gonzales executed the bail bond in March 2001, during the
March-April 2001 term of the trial court. 
See Tex. Gov't Code Ann.§ 22.156(b) (Vernon 2004).  The State presented an information against
Rodriguez in July 2001, during the July-August 2001 term.  Id.  After
that, Rodriguez made two court appearances. 
He entered a guilty plea on August 23, and he withdrew the guilty plea
on October 9.  After Rodriguez withdrew
his guilty plea, the court set the matter for a pretrial hearing on November
19.  Rodriguezs failure to appear at the
November 19 pretrial hearing resulted in the forfeiture of the bond.

Gonzales
contends in its sole issue that it raised a genuine issue of material fact as
to each element of its affirmative defense. 
The State responds that Gonzales failed to offer evidence that Rodriguez
was bound over before indictment or information or that Rodriguezs
prosecution was not continued by order of the court.  See
Tex. Code Crim. Proc. Ann. art.
22.13(a)(4).  The State responds in the
alternative that Gonzales is liable under theories of ratification or estoppel
because Rodriguez appeared in court twice after the information was filed.

The
bond recites in pertinent part that Rodriguez is entering into this obligation
binding him to appear before the 54th
Judicial
 District Court of McLennan County, Texas. 
(emphasis added).  This
constitutes sufficient evidence to raise a fact issue on the question of
whether Rodriguez was bound over before the filing of the information.  See
Tex. Code Crim. Proc. Ann. art.
22.01 (Vernon 1989) (providing for forfeiture of bail [w]hen
a defendant is bound by bail to
appear and fails to appear) (emphasis added).

Gonzales
states in its summary judgment response that the trial court entered no order
continuing Rodriguezs prosecution from the March-April 2001 term to any
subsequent term.  The State asked the court
to take judicial notice of the district clerks file in the Rodriguez
case.  See Tex. R. Civ. P. 166a
(court shall grant summary judgment if evidence on file at time of hearing
shows that there is no genuine issue as to any material fact); Guinn v. Bosque County, 58 S.W.3d 194,
199 (Tex. App.Waco 2001, pet. denied) (summary judgment record consists of
evidence attached to motion or response).

The
bond required Rodriguez to appear before the 54th District Court.  The file in the Rodriguez case does not
contain an order of the 54th District Court continuing Rodriguezs prosecution
from the March-April 2001 term to any subsequent term.  Nor does the docket sheet reflect that the
54th  District Court signed
such an order.  Cf. Acevedo, 18 S.W.3d at 776.  Thus, a fact issue remains on the question
of whether Rodriguezs prosecution was continued by court order from the
March-April 2001 term to any subsequent term.

The
State contends that, even if Gonzales established an entitlement to exoneration
under article 22.13(a)(4), Gonzales remains liable under principles of
ratification or estoppel because of Rodriguezs subsequent court
appearances.  However, ratification and
estoppel are principles of civil substantive law.  Such principles do not apply in a bond
forfeiture proceeding.  Moore v. State, 828 S.W.2d 497, 498
(Tex. App.Dallas 1992, pet. refd); Lyles
v. State, 814 S.W.2d 411, 412 (Tex. App.Waco 1991), revd on other grounds, 850 S.W.2d 497 (Tex. Crim. App. 1993).

Gonzales
asks that this court reverse the judgment and either render judgment in its
favor or remand this cause to the trial court for further proceedings.  Because Gonzales did not file its own summary
judgment motion, rendition is not proper. 
See Jones v. Strauss, 745
S.W.2d 898, 900 (Tex. 1988); Eastman
Software, Inc. v. Tex. Commerce Bank, N.A., 28 S.W.3d 79, 83-84 (Tex.
App.Texarkana 2000, pet. denied). 
Accordingly, we reverse the 
judgment and remand this cause to the trial court for further proceedings
consistent with this opinion.  See Hill, 955 S.W.2d at 101.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Reversed and remanded

Opinion delivered and filed August
 25, 2004

Publish

[CR25]