**Saul R. ACEVEDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–98–01025–CV.

Court of Appeals of Texas,
San Antonio.

March 15, 2000.

Barry P. Hitchings, Hitchings & Pollock, San Antonio, for appellant.

Susan A. Bowen, Asst. Criminal Dist. Atty., Civil Section, San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

### OPINION

Opinion by: TOM RICKHOFF, Justice.

Saul R. Acevedo appeals from a final judgment against him as surety on a bond following bond forfeiture proceedings. Acevedo raises three points of error, complaining that: (1) there was insufficient evidence to support the final judgment; (2) appellant was exonerated pursuant to Arti-

cle 22.13, section 4, of the Texas Code of Criminal Procedure; and (3) the final judgment was based upon an invalid bond. Because we hold that appellant was exonerated from liability in accordance with Texas Code of Criminal Procedure article 22.13, section 4, we reverse the judgment of the trial court.

## Background and Facts

On August 29, 1995, a pre-indictment bail bond was executed against the Defendant–Principal Sri T. Punjabi. Punjabi was not indicted until January 10, 1996, during the January/February 1996 term of court. During the calendar years 1995 and 1996, the terms of the Bexar County district courts giving preference to criminal cases began on the first Mondays in January, March, July, September, and November pursuant to Section 24.139 of the Texas Government Code. The case against Punjabi was carried over by order of the court from the July/August 1995 term of court to the September/October and to the November/December 1995 terms of court. Punjabi's name did not appear on the list of cases continued into the January/February 1996 term of court. On January 10, 1996, Punjabi was indicted by the Bexar County Grand Jury in cause 96–CR–0064. Defendant Punjabi was re-indicted on October 1, 1996 in cause 96–CR–4728 for the same offense. On March 10, 1997, Punjabi failed to appear and answer in court. On September 11, 1998, a final judgment was entered by the trial court ordering that the State of Texas recover from Punjabi, as principal, and Saul Acevedo, as surety, jointly and severally in the amount of $100,000 and the costs of court.

## Argument

■ Appellant as surety argues that he was entitled to exoneration from liability on the forfeited bond as Punjabi's name was not included in those cases continued into the January/February 1996 first term of the court. Article 22.13 of the Texas Code of Criminal Procedure provides:

The following causes, and no other, will exonerate the defendant and his sure-

ties, if any, from liability upon the forfeiture taken:

. . . .

4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court.

TEX. CODE CRIM. PROC. ANN. art. 22.13 § 4 (Vernon's 1989).

The effect of this rule is that where a person charged with a crime has been held over to await the action of the grand jury, if not indicted at the first term of court at which his case was returnable, the sureties should be relieved, unless by an order duly entered the prosecution has been continued. *Headley v. State*, 58 Tex.Crim. 185, 186, 125 S.W. 27, 28 (Tex.Crim.App.1910). In *Headley*, the court reversed the trial court's final bail bond forfeiture judgment against the sureties and rendered that the State take nothing. The court stated that to hold otherwise would not only violate the law, but be a breach of good faith on the part of the State. *Id.* In 1968, the Fifth Circuit Court of Appeals considered Article 22.13 section 4 and noted that, "under Texas law, the failure to present an indictment or information during the term of court next after a defendant has been released on bail relieves him and his sureties from all liability on the bond." *Luna v. Beto*, 395 F.2d 35, 39 (5th Cir.1968). The Texas Court of Criminal Appeals affirmed this interpretation in 1978, holding that if the principal was not indicted the next term after he was admitted to bail, the surety was entitled to exoneration from the forfeiture. *Smith v. State*, 561 S.W.2d 502, 503 (Tex.Crim.App.1978).

Punjabi was admitted to bail on August 29, 1995. He was not indicted in either the July/August 1995 term of court or during the next term after, the September/October 1995 term of court. He was not indicted until January 10, 1996, during

the January/February 1996 term of court. In addition, because Punjabi's name was not included on the list of cases continued from the November/December 1995 term of court into the January/February 1996 term of court, the prosecution against Punjabi was not continued by order of the court.

■ The State claims that appellant waived his right to the affirmative defense of article 22.13, section 4, by failing to object until after the indictment was returned. The State claims that this case is analogous to the treatment of article 32.01of the Texas Code of Criminal Procedure in *Brooks v. State*, 990 S.W.2d 278, 285 (Tex.Crim.App.1999). In *Brooks*, the Court held that article 32.01 has no application once an indictment is returned. The appellant waived his right to challenge the indictment since he filed his writ of habeas corpus almost a year and a half after the indictment was returned by the grand jury. *Brooks*, 990 S.W.2d at 285.

■ The primary consideration in *Brooks* is the issue of mootness. An application for writ of habeas corpus complaining about a delayed indictment under article 32.01 is rendered moot by the return of the indictment before the complainant files his writ. *State v. Bruni*, 2 S.W.3d 420, 421 (Tex.App.-San Antonio 1999, pet. ref'd); *State v. Weiblen*, 2 S.W.3d 375, 376 (Tex. App.-San Antonio 1999, pet. ref'd). *Brooks* and its progeny are not applicable to our consideration under article 22.13, section 4. A surety has no responsibility to object prior to the rendering of the indictment in order to preserve his article 22.13, section 4, defense. That logic would erroneously require a third party to raise an objection to preserve a defense before any action had been taken against him. Accordingly, we hold that the appellant raised the article 22.13, section 4, defense at the proper time, during the bond forfeiture hearing.

■ The State also argues that appellant was not entitled to exoneration under 22.13, section 4, because Punjabi's absence from the list of names to be carried for-

ward on the January/February term of the Grand Jury was a clerical error. In the findings of fact and conclusion of law, the trial court claimed that the returning of the indictment on January 10, evidenced the clerical error. A finding that the State made a clerical error is irrelevant to our examination as there is no clerical error exception provided under 22.13, section 4. Nor, under these facts, do we believe it is necessary or appropriate to judicially create a clerical error exception after decades of irenic constancy.

■ Punjabi's name was not included on the November/December list for the grand jury; and thus, his prosecution was not carried over to the next term by court order. In addition, Punjabi was not indicted at the first term of court after the principal had been admitted to bail. Therefore, when the grand jury indictment was issued on January 10, appellant had already been released from his bond obligation.

Accordingly, we hold that appellant is entitled to exoneration as surety for the bond in accordance with article 22.13, section 4. We reverse the judgment of the trial court making bond forfeiture final and render judgment of exoneration.