**GONZALES BAIL BONDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00221–CR.**

Court of Appeals of Texas,
Waco.

Aug. 25, 2004.

Paul A. Flores, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Gonzales Bail Bonds appeals the granting of the State's summary judgment motion forfeiting a bail bond executed by Gonzales and the principal, Fernando Rico Rodriguez, Jr. Gonzales contends in its sole issue that the court erred in granting the summary judgment motion because Gonzales raised a fact issue on each element of its affirmative defense that it is exonerated from liability due to the State's failure to indict Rodriguez at the next term of court after he was released on bond. Because the evidence in the summary judgment record raises a fact issue as to each element of Gonzales's affirmative defense, we will reverse and remand.

As the non-movant, Gonzales had the burden to produce sufficient evidence to raise a fact issue on each element of the affirmative defense of exoneration. *See Hill v. State*, 955 S.W.2d 96, 101 (Tex. Crim.App.1997). We indulge every reasonable inference in the non-movant's favor and likewise resolve all doubts in its favor. *Id.*

The elements of Gonzales's affirmative defense are: (1) "[f]ailure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail," (2) the principal "was bound over before indictment or information," and (3) the prosecution was not "continued by order of the court." TEX.CODE CRIM. PROC. ANN. art. 22.13(a)(4) (Vernon Supp.2004); *accord Smith v. State*, 561 S.W.2d 502, 503 (Tex.

Crim.App. [Panel Op.] 1978); *Acevedo v. State*, 18 S.W.3d 775, 776 (Tex.App.-San Antonio 2000, pet. ref'd).

The essential facts are undisputed. Rodriguez and Gonzales executed the bail bond in March 2001, during the March–April 2001 term of the trial court. *See* TEX. GOV'T CODE ANN. § 22.156(b) (Vernon 2004). The State presented an information against Rodriguez in July 2001, during the July–August 2001 term. *Id.* After that, Rodriguez made two court appearances. He entered a guilty plea on August 23, and he withdrew the guilty plea on October 9. After Rodriguez withdrew his guilty plea, the court set the matter for a pretrial hearing on November 19. Rodriguez's failure to appear at the November 19 pretrial hearing resulted in the forfeiture of the bond.

■ Gonzales contends in its sole issue that it raised a genuine issue of material fact as to each element of its affirmative defense. The State responds that Gonzales failed to offer evidence that Rodriguez "was bound over before indictment or information" or that Rodriguez's prosecution was not "continued by order of the court." *See* TEX. CODE CRIM. PROC. ANN. art. 22.13(a)(4). The State responds in the alternative that Gonzales is liable under theories of ratification or estoppel because Rodriguez appeared in court twice after the information was filed.

The bond recites in pertinent part that Rodriguez "is entering into this obligation *binding* him to appear before the 54th Judicial District Court of McLennan County, Texas." (emphasis added). This constitutes sufficient evidence to raise a fact issue on the question of whether Rodriguez was "bound over" before the filing of the information. *See* TEX. CODE CRIM. PROC. ANN. art. 22.01 (Vernon 1989)

(providing for forfeiture of bail "[w]hen a defendant is *bound* by bail to appear and fails to appear") (emphasis added).

Gonzales states in its summary judgment response that the trial court entered no order continuing Rodriguez's prosecution from the March–April 2001 term to any subsequent term. The State asked the court to take judicial notice of the district clerk's file in the Rodriguez case. *See* TEX.R. CIV. P. 166a (court shall grant summary judgment if evidence on file at time of hearing shows that "there is no genuine issue as to any material fact"); *Guinn v. Bosque County,* 58 S.W.3d 194, 199 (Tex.App.-Waco 2001, pet. denied) (summary judgment record consists of evidence attached to motion or response).

The bond required Rodriguez to appear before the 54th District Court. The file in the Rodriguez case does not contain an order of the 54th District Court continuing Rodriguez's prosecution from the March–April 2001 term to any subsequent term. Nor does the docket sheet reflect that the 54th District Court signed such an order. *Cf. Acevedo,* 18 S.W.3d at 776. Thus, a fact issue remains on the question of whether Rodriguez's prosecution was continued by court order from the March–April 2001 term to any subsequent term.

 The State contends that, even if Gonzales established an entitlement to exoneration under article 22.13(a)(4), Gonzales remains liable under principles of ratification or estoppel because of Rodriguez's subsequent court appearances. However, ratification and estoppel are principles of civil substantive law. Such principles do not apply in a bond forfeiture proceeding. *Moore v. State,* 828 S.W.2d 497, 498 (Tex.App.-Dallas 1992, pet. ref'd); *Lyles v. State,* 814 S.W.2d 411, 412 (Tex. App.-Waco 1991), *rev'd on other grounds,* 850 S.W.2d 497 (Tex.Crim.App.1993).

Gonzales asks that this court reverse the judgment and either render judgment in its favor or remand this cause to the trial court for further proceedings. Because Gonzales did not file its own summary judgment motion, rendition is not proper. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Eastman Software, Inc. v. Tex. Commerce Bank, N.A.,* 28 S.W.3d 79, 83–84 (Tex.App.-Texarkana 2000, pet. denied). Accordingly, we reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion. *See Hill,* 955 S.W.2d at 101.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This appeal presents an issue that desperately needs to be resolved for the "new" no evidence motion for summary judgment rule to have the full benefit of its intended effect. TEX.R. CIV. P. 166a(i). What does it mean to have no evidence of a challenged element?

In this case, the Court is relying on an inference that should not be relied upon. The evidence relied upon by the Court is from the documents in the trial court's case file. The Court relies upon the absence of any evidence in the case file to infer that no continuance was ordered. The Court states; "The file in the Rodriguez case does not contain an order of the 54th District Court continuing Rodriguez's prosecution ... Nor does the docket sheet reflect that the 54th District Court signed such an order." And then the Court's faulty conclusion, "Thus, a fact issue remains on the question of whether Rodriguez's prosecution was continued by court order...."

But, wait! There is no indication in this record that a court order continuing this matter would normally appear in the case file. Remember, the defendant was wait-

ing to be indicted for a felony by the grand jury. There is no showing that an order regarding grand jury proceedings, continuing a matter from one term of the grand jury to the next, would appear in an individual case file. This is the distinction between the absence of evidence on the one hand and evidence of a negative on the other. What Gonzales needed to have evidence of is that there was no continuance. All the record has in it is a void regarding this issue.

The critical distinction between the result in this case and *Acevedo* is that in *Acevedo,* the bondsman introduced the orders which listed the names of the defendants whose cases were carried over from one term of court to the next. The court noted that, "The case against Punjabi was carried over by order of the court from the July/August 1995 term of court to the September/October and to the November/December 1995 terms of court. Punjabi's name did not appear on the list of cases continued into the January/February 1996 term of court. On January 10, 1996, Punjabi was indicted by the Bexar County Grand Jury...." *Acevedo v. State,* 18 S.W.3d 775, 776 (Tex.App.-San Antonio 2000, pet. ref'd).

In this case, the orders regarding the cases continued from one term of court to the next were not presented as summary judgment evidence by Gonzales. Without some evidence of what cases were carried over, all we are left with is nothing-nothing to show that the prosecution was continued, nothing to show that the prosecution was not continued. Without showing that something should be there, you cannot properly draw an inference from the presence of nothing. In this case, nothing equals no evidence. Because it was Gonzales's burden in response to a no-evidence summary judgment motion to present some evidence on each element of its affir-

mative defense, and it failed to do so, the trial court correctly rendered judgment forfeiting the bond.

Based upon the forgoing, I would affirm the summary judgment. Because the Court does not, I respectfully dissent.