COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-146-CV

 

 

PHIL GUILES                                                                                     APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                        APPELLEE

 

                                                       ------------

 

          FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant Phil Guiles appeals the
summary judgment granted in favor of Appellee The State of Texas in the underlying
bond forfeiture case.  In two issues,
Guiles argues that the trial court abused its discretion by denying his motion
for continuance and erred by granting summary judgment for the State.  We will affirm.

II.  Procedural
Background








In February 2008, Guiles became the
surety on a $25,000 appearance bond for principal Alfredo Alvarez, who had been
indicted for aggravated assault of a family member.  The following month, Guiles filed an
affidavit to surrender principal because Alvarez refused to report to the
office as requested, violated conditions of the bond, and was unable to be
located.

At a hearing in April, Alvarez failed
to appear, and the trial court thereafter signed a judgment nisi for the full
amount of the bond.  Citation was
properly served on Guiles, notifying him that the bond had been
forfeited.  Guiles filed an answer and an amended answer, ultimately
asserting the affirmative defense of estoppel; Guiles claimed that Alvarez had
fled to Mexico and that Guiles was prevented from returning Alvarez to Tarrant
County because the State would not issue the requisite Aextradition warrant.@

In due course, the State sought a
summary judgment, arguing that it had conclusively established the elements
necessary for a bond forfeiture proceeding and that Guiles had not raised a
statutory defense to the bond forfeiture proceeding.  As part of the State=s summary judgment evidence, it
attached certified copies of Alvarez=s appearance bond and the judgment nisi.

In response to the State=s motion for summary judgment, Guiles
sought a continuance and subsequently filed a response to the State=s motion for summary judgment.  The trial court thereafter denied Guiles=s motion for continuance and granted
summary judgment for the State.  This
appeal followed.








III.  No Abuse of Discretion Occurred By Denying

Guiles=s Motion For Continuance

 

In his first issue, Guiles argues
that the trial court abused its discretion by denying his motion for
continuance because the case had been pending for less than twelve months and
because discovery was allegedly not complete. 
Guiles=s motion for continuance alleges that
he had propounded discovery upon the State but does not indicate on what date
such discovery was served; Guiles sought a continuance of at least 120 days to
obtain the State=s discovery answers and to depose a
representative of the district attorney=s office.  Guiles=s attorney=s affidavit, attached to the motion
for continuance, alleges that he intended to depose a representative of the
district attorney=s office relating to Guiles=s pleaded defense of collateral
estoppel.








We review a trial court=s ruling on a motion for continuance
for an abuse of discretion.  See BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002).  We do not substitute our judgment for that of
the trial court.  In re Nitla S.A. de C.V., 92 S.W.3d 419, 422
(Tex. 2002) (orig. proceeding).  Instead,
we must determine whether the trial court=s action was so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.  Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).  The test is whether the trial court acted
without reference to guiding rules or principles.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004).  Generally, a trial court does not abuse its
discretion by denying a motion for continuance if a party has received the
twenty-one days= notice required by rule
166a(c).  Carter v. MacFadyen, 93
S.W.3d 307, 310 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).

The only causes that will exonerate a
surety from his liability upon the forfeiture taken on a bond are set forth in
article 22.13 of the code of criminal procedure.  See Tex. Code Crim. Proc. Ann. art.
22.13 (Vernon 2009); Spradlin v. State, 100 S.W.3d 372, 379 (Tex. App.CHouston [1st Dist.] 2002, no
pet.).  Equitable defenses and general
civil affirmative defenses do not apply to excuse a surety from his liability
in a bond forfeiture proceeding.  See
Kubosh v. State, 177 S.W.3d 156, 160B61 (Tex. App.CHouston [1st Dist.] 2005, pet. ref=d) (holding only that defenses listed
in rule 94 of the rules of civil procedure do not apply to bond forfeiture
proceeding); Gonzales Bail Bonds v. State, 147 S.W.3d 557, 559 (Tex.
App.CWaco 2004, no pet.) (stating that principles
of civil substantive law, like estoppel, do not apply in a bond forfeiture
proceeding).








Guiles has failed to show that the
discovery and deposition he seeks are relevant to the four causes set forth in
article 22.13 that will exonerate a surety from his liability upon the
forfeiture taken on a bond.  See
Tex. Code Crim. Proc. Ann. art. 22.13; Bonds v. State, 911 S.W.2d 820,
822 (Tex. App.CEl Paso 1995, writ ref=d, untimely filed) (holding that
appellant was not exonerated from liability because he did not argue any of the
four causes provided in article 22.13, which are the only grounds for
exonerating a defendant and his sureties upon forfeiture of a bond).  Discovery concerning collateral estoppel or
other civil common law or rule 94 affirmative defenses is not relevant in a
bond forfeiture proceeding.  Accordingly,
because the discovery sought by Guiles did not relate to any of the four bases
for exoneration of a surety for liability upon a forfeited bond, the trial
court did not abuse its discretion by denying Guiles=s motion for continuance.  See Soileau v. State, No.
14-02-01303-CR, 2004 WL 78176, at *7B8 (Tex. App.CHouston [14th Dist.] Jan. 20, 2004,
no pet.) (mem. op.) (holding that trial court did not abuse its discretion by
denying appellant=s motion for continuance, even though
case had been on file for only forty-eight days, when appellant failed to show
how discovery was relevant).  We
therefore overrule Guiles=s first issue.

IV.  Summary
Judgment Proper For State








In his second issue, Guiles argues,
as he did in his response to the State=s motion for summary judgment, that the trial court erred by
granting summary judgment for the State because fact issues existed as to
whether Alvarez=s name was called at the courthouse
door on the day that he was required to appear before his bond was forfeited.[2]  Guiles=s affidavit, attached as summary judgment evidence to his
response, stated that A[t]o my knowledge, the Bailiff did
not call A[l]fredo Alvarez[=s] name at the Courthouse Door as
required . . . .@

The State filed a reply, pointing out
that Guiles=s affidavit does not specify that he
was present inside or outside the courtroom on April 25, 2008, and that
therefore the affidavit fails to establish Guiles=s personal knowledge of whether or not Alvarez=s name was called.  The State attached affidavits from the two
bailiffs that were assigned to the trial court on April 25, 2008, and both
attested that Alvarez=s name was called three times outside
the courtroom door.

The Texas Code of Criminal Procedure
sets forth the procedures for bond forfeiture proceedings:

Bail bonds and
personal bonds are forfeited in the following manner:  The name of the defendant shall be called
distinctly at the courthouse door, and if the defendant does not appear within
a reasonable time after such call is made, judgment shall be entered that the
State of Texas recover of the defendant the amount of money in which he is
bound, and of his sureties, if any, the amount of money in which they are
respectively bound, which judgment shall state that the same will be made
final, unless good cause be shown why the defendant did not appear.

 








Tex. Code Crim. Proc. Ann. art. 22.02 (Vernon 2009).  Thus, to be entitled to forfeiture of a bond,
the State need only show (1) a valid bond, (2) the defendant=s name was distinctly called at the
courthouse door, and (3) the defendant failed to appear within a reasonable
time of that call.  Noble Ins. Co. v.
State, Nos. 14-98-01036-CR, 14-98-01037-CR, 14-98-01038-CR, 2000 WL 977358,
at *1 (Tex. App.CHouston [14th Dist.] May 18, 2000, no
pet.) (not designated for publication). 
The burden of proof on the second and third prongs is satisfied by the
judgment nisi.  Id.  When a forfeiture has been declared on a
bond, the case is then docketed on the civil docket with the State of Texas as
the plaintiff, and the defendant and any sureties as defendants, and the case
is governed by the same rules governing other civil suits.  Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon
2009).

When the State moves for summary
judgment, it has the burden of establishing as a matter of law that there are
no genuine issues of material fact as to any of the essential elements of the
State=s cause of action and that it is
entitled to judgment as a matter of law. 
Alvarez v. State, 861 S.W.2d 878, 880B81 (Tex. Crim. App. 1992) (citing Deckard
v. State, 615 S.W.2d 717, 718 (Tex. Crim. App. 1981)).  The essential elements of the State=s cause of action in a bond
forfeiture proceeding are the bond and the judicial declaration of the
forfeiture of the bond, which is the judgment nisi.  Id.








Here, the State=s summary judgment evidence included
a certified copy of the bond and the judgment nisi in Alvarez=s criminal proceeding.  Guiles contends that his affidavit claiming
that A[t]o [his] knowledge, the Bailiff did
not call A[l]fredo Alvarez[=s] name at the Courthouse Door as
required@ raises a genuine issue of material
fact as to whether the State satisfied the statutory requisites to obtain the
judgment nisiCthat is whether the State
conclusively established that Alvarez=s name was called at the courthouse door.  This allegation, however, is insufficient to
raise a fact issue because it states only a conclusion, does not provide
specific facts that form the basis of the conclusion, and fails to state how
Guiles purportedly knew that the Alvarez=s name was not called. 
See Lopez v. State, 678 S.W.2d 197, 200 (Tex. App.CSan Antonio 1984, no pet.); see
also In re Butler, 270 S.W.3d 757, 759 (Tex. App.CDallas 2008, orig. proceeding)
(holding that relators= affidavit did not meet the
requirements of rule 52.3(k) because affiant statedClike the affidavit hereCAto my knowledge,@ which is an equivocal statement
implying less than personal knowledge); see generally Bennett v.
State, 394 S.W2d 804, 807 (Tex. Crim. App. 1965) (holding that calling
defendant=s name from hallway outside the
courtroom where the proceedings are to take placeCas occurred here according to recitations in the judgment
nisiCconstituted substantial compliance
with article 22.02); Aspilla v. State, 952 S.W.2d 610, 613 (Tex. App.CHouston [14th Dist.] 1997, no pet.)
(same).








Having reviewed the summary judgment
evidence presented in the light most favorable to Guiles, the State
conclusively established every necessary element of the bond forfeiture
proceeding, and Giles failed to raise a genuine issue of material fact as to
any of the requisite elements or to raise a statutory defense.  See Lopez, 678 S.W.2d at 200
(upholding summary judgments for the State because appellants did not
conclusively establish that principal=s name was not called); Quintero v. State, No.
14-96-00587-CR, 1998 WL 104960, at *3 (Tex. App.CHouston [14th Dist.] Mar. 12, 1998, pet. dism=d w.o.j.) (not designated for publication)
(same).  Accordingly, we overrule Guiles=s second issue.

V.  Conclusion

Having overruled Guiles=s two issues, we affirm the trial
court=s judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED: March
11, 2010











[1]See Tex. R.
App. P. 47.4.





[2]Guiles=s response to the State=s motion for summary judgment also asserted that he
had filed an affidavit of his intent to surrender Alvarez and that because the
trial court did not issue an extradition warrant, he established an affirmative
defense to liability on the bond pursuant to Texas Code of Criminal Procedure
article 17.19(b).  See Tex. Code
Crim. Proc. Ann. art. 17.19(b) (Vernon Supp. 2009).  In its summary judgment reply, the State
pointed out that article 17.19(b) provides only for issuance of a capias or
warrant for arrest to be issued, not for the issuance of an Aextradition
warrant,@ and also pointed out that a capias had been issued in
this case.  See McConathy v. State,
545 S.W.2d 166, 169 n.4 (Tex. Crim. App. 1977) (recognizing surety=s
affidavit to surrender principal and issuance of arrest warrant does not
discharge surety from liability under bond until principal is taken into
custody).  Guiles does not raise on
appeal this challenge to the trial court=s summary judgment for the State.