Jess CAMPBELL et al., Individually, d/b/a
Jess Campbell Insurance Agency,
Appellants,

v.

COMMERCIAL STANDARD INSURANCE
COMPANY et al., Appellees.

No. 17452.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 16, 1973.

Rehearing Denied Dec. 14, 1973.

Nelson, Sherrod, Carter & Oldham, and Eugene Sherrod, Wichita Falls, for appellants.

Fillmore, Lambert, Farabee & Purtle, and Larry Lambert, Wichita Falls, for appellee, Commercial Standard Ins. Co.

Joe E. Shaddock, Wichita Falls, for appellee, St. Paul Fire & Marine Ins. Co.

OPINION

MASSEY, Chief Justice.

Jess Campbell, plaintiff, brought suit by way of bill of review against Commercial Standard Insurance Company. Plaintiff's petition for bill of review was denied and he appealed.

Reversed and remanded.

Reference is made to Campbell v. St. Paul Fire and Marine Insurance Co., 480 S.W.2d 233 (Fort Worth Tex.Civ.App., 1972, writ ref., n. r. e.). As will be therefrom observed Mr. Campbell had at one time, or at least with reference to one or more transactions, acted as an insurance agent in writing and servicing policies of insurance for St. Paul Fire and Marine Insurance Company. Issues were made in connection with one of said policies whether Campbell was liable to said insurance company because there had been no cancellation of such prior to the occurrence of a fire loss. St. Paul Fire and Marine Insurance Company had paid this loss by reason of its uncancelled contract, and it sued Campbell on several theories of liability to recoup its payment as damages. On trial the court withdrew the case from the jury and rendered judgment against Campbell.

In connection with that suit Campbell had demanded that Commercial Standard Insurance Company defend the action against him by St. Paul Fire and Marine Insurance Company under and by reason of a certain "errors and omissions policy" which Commercial Standard had issued to Campbell. There seems to be no question but that at all material times the policy was in full force and effect. Thereby Commercial Standard was liable to defend suits against its policyholder under prescribed grounds whereby he was alleged to be liable to third persons (such as St. Paul Fire and Marine Insurance Company), and, conditioned upon the establishment of liability upon such a ground, to pay in behalf of its policyholder the amount thereof.

Commercial Standard did defend Campbell in the suit aforementioned. Upon the rendition of the judgment, however, Commercial Standard declined to ap-

peal therefrom. It appears obvious also that Commercial Standard denied any obligation under its policy to pay the damages awarded against Campbell. Issues are unresolved upon the matter of whether Commercial Standard is, under the circumstances of the St. Paul Fire and Marine Insurance Company case, liable under its "errors and omissions policy" to (1) furnish a defense in court and/or (2) to pay the amount of liability established pursuant to judgment in favor of St. Paul Fire and Marine Insurance Company. To clarify: Commercial Standard's obligation to defend depends upon the pleaded theories upon which St. Paul Fire and Marine Insurance Company announces ready for trial in its case against Campbell; its obligation to pay the judgment, in the event judgment is rendered against Campbell, will depend upon the findings arrived at by the suit upon which Campbell's liability is predicated and adjudicated by a decree which becomes final.

When Commercial Standard declined to appeal the former judgment Campbell employed his own attorneys to appeal. Appeal was to this court, and the results are those reported at 480 S.W.2d 233. It is obvious therefrom that a consequence of the appeal will be a new trial in which the pleadings may or may not be as mentioned in the preceding paragraph, and where the final judgment against Campbell, if any, may or may not be based upon findings which establish Commercial Standard's liability.

Prior to perfecting appeal, either anticipating that the judgment in the St. Paul Fire and Marine Insurance Company case would become a final judgment upon Campbell's liability to said company, or to hasten resolution of all issues upon Commercial Standard's liability to Campbell under its "errors and omissions policy", Campbell filed suit against Commercial Standard for declaratory judgment as authorized by Vernon's Ann.Texas St. Art. 2524–1, "Uniform Declaratory Judgments Act". The parties to said suit stipulated, as between themselves, that the judgment St. Paul Fire and Marine Insurance Company had obtained against Campbell was to be considered final and as establishing the damages liability owed by Campbell to said company. They proceeded to trial before the court, without a jury, while the Campbell appeal from the St. Paul Fire and Marine Insurance Company judgment was pending before this appellate court. After the conclusion of the introduction of testimony the trial court held its judgment in abeyance and called for briefs.

It might be mentioned that by trial amendment Campbell had prayed for relief additional to that declaratory relief which was originally sought. Thereby he directed the court's attention to the parties' stipulation that the prior judgment would be treated as final (without prejudice to the right of Campbell to prosecute his appeal therefrom) and prayed for not only declaratory relief but for judgment in the amount of that judgment on appeal plus the expenses and attorney's fees undertaken by Campbell by his appeal from such judgment. Clarified on oral presentation is the fact that Campbell believes that he is entitled to collect from Commercial Standard the amount of the St. Paul Fire and Marine Insurance Company judgment for damages, as rendered by the trial court, and, since he has won a new trial by prevailing upon his appeal to this appellate court in said company's suit against him, to have and receive his expenses of appeal; then, assumedly, while he retains Commercial Standard's money he will at his own risk and expense undertake the defense to come of the suit by St. Paul Fire and Marine Insurance Company which has been remanded for another trial.

The trial court decided to delay decision of the suit Campbell filed against Commercial Standard until after the decision of Campbell's appeal from the St. Paul Fire

and Marine Insurance Company judgment. A letter to that effect was written to the attorneys in the case. Therein the court spoke of the delay as pending the decision of this Court of Civil Appeals. Upon receiving notice of our judgment of reversal and remand the court decided to dismiss the suit of Campbell against Commercial Standard. This he did by court order.

Unfortunately the court accomplished such action without notice to the parties affording them an opportunity to be heard upon its propriety. Apparently there was no action by the clerk of the court giving postcard notice of the dismissal. Texas Rules of Civil Procedure 306d, "Notice of Final Judgment or Other Appealable Order." Campbell was not shown to have been otherwise accorded notice of the dismissal of the case. Instead the contrary was undisputed, plus the fact that his attorney, laboring under the impression that the trial court was holding a decision in abeyance pending the termination of appellate procedure, gave no thought or attention to the situation until after the Supreme Court had approved this court's judgment of reversal and remand against St. Paul Fire and Marine Insurance Company. At that time Campbell's attorney approached the court and requested action in Campbell's case against Commercial Standard which he believed was being held in abeyance. Campbell discovered that his suit had been dismissed at a date more than six months prior to time of his discovery that his case had been dismissed.

Of course Campbell could have filed his suit anew, as for declaratory judgment and/or for the attorney's fees and expenses for conducting the appeal, but he elected not to do so. He brought instead a suit in the nature of a bill of review to have the former suit reinstated with the court's prior dismissal voided or avoided. Apparently he deemed that with such accom-

plished he would preserve his opponent's stipulation, considered by him to fix the amount of the Commercial Standard Insurance Company's liability (at least upon damages exclusive of attorney's fees, etc.) if he could obtain a judgment declaring that company liable on the "errors and omissions policy".

██ · After hearing the bill of review the court concluded among other things that what was sought by Campbell was a possible unjust enrichment. There were, of course, other reasons why Campbell should not prevail upon his entire case; i. e. upon both his claim for the amount of the St. Paul Fire and Marine Insurance Company judgment and upon the expenses involved incident to his appeal from that judgment. Insofar as Campbell's suit obtained for the amount of the St. Paul Fire and Marine Insurance Company judgment—considered as a suit for declaratory judgment—any judgment rendered against Commercial Standard Insurance Company would amount to a mere advisory opinion since the issue had not yet arisen as to whether Commercial Standard was liable to him as a consequence and hence not a litigious controversy. Cast in that aspect it would constitute fundamental error to render judgment for the amount for which Campbell was or would be liable to the St. Paul Fire and Marine Insurance Company. Central Surety & Insurance Corp. v. Anderson, 445 S.W.2d 514 (Tex.Sup., 1969). See also the same case at 439 S.W.2d 372 and 446 S.W.2d 897.

██ And, despite the fact that Campbell had obtained a stipulation with Commercial Standard that the St. Paul Fire and Marine Insurance Company judgment should be considered final, the fact that he plead not only for declaratory relief but also for a judgment in damages based upon such finality, and that Commercial Standard

might have entered into the stipulation in order to obtain a reduction in the amount of its potential liability (St. Paul Fire and Marine Insurance Company was seeking to recover a judgment of Campbell in excess of the amount decreed by the first judgment) and where but for the stipulation Commercial Standard might, in consequence of a subsequent judgment, be exposed to a greater amount than that for which it would perhaps be liable, there was nothing which would be binding upon the trial court by the stipulation of the parties. This is so because the trial court was free at all times to abate at least part of Campbell's suit against Commercial Standard Insurance Company as prematurely brought.

For our discussion we will disregard any question of the trial court's right to dismiss, and consider only the right to hold Campbell's case "pending" as on file but untried until the St. Paul Fire and Marine Insurance Company case was finally disposed of. That no plea in abatement was ever filed is of no importance. The authority of the court to hold trial of a case abated does not depend upon such a plea, the plea being only a method by which there is shown to exist a circumstance justifying abatement by the court. If the court knows of the circumstance anyway there is no impediment to his ordering an abatement.

But Campbell sought the additional and distinguishable relief of recovery for attorney's fees and expenses incident to the appeal from the judgment obtained by the St. Paul Fire and Marine Insurance Company. To this extent Campbell's case involved subject matter as to which a judgment of the trial court would not constitute a mere advisory opinion. Cause of action therefor was for damages already sustained by Campbell and these damages were in no way contingent but were concrete and subsisting. Cause of action for these damages was ripe for litigation. No impediment existed to the conduct of a trial on Campbell's cause of action to recover them. Therefore the trial court erred in dismissing Campbell's entire case of which they were a part.

However, the cause of action for attorney's fees and expenses as damages was dismissed. Due to the expiration of time the action of the court may not be appealed, even by petition for writ of error. Since Campbell's suit for bill of review was refused by the trial court the question posed by the appeal from the refusal is whether Campbell is entitled to have his case reinstated so that he may proceed to trial on his suit for attorney's fees and expenses incident to his appeal of the St. Paul Fire and Marine Insurance Company case. We have already made it clear that to this extent only would he be entitled to a trial. We have concluded that the whole case should be remanded. The trial court will be afforded the opportunity to determine whether on motion it should order a severance so as to try the cause of action which has matured and hold the remainder of Campbell's case in abeyance or to dismiss.

In Texas State Board of Examiners in Optometry v. Lane, 358 S.W.2d 636 (Fort Worth Tex.Civ.App., 1962, writ ref., n. r. e.) there had been a dismissal of a plaintiff's pending suit by order of the court under circumstances which were not attended by any fault or negligence on the part of plaintiff or his attorneys. The judgment became final and plaintiff sought to have the same case tried by way of bill of review. This court held that when such a dismissal order was entered through error of the trial court or its officers and was attended by circumstances

which justified equitable relief the plaintiff was entitled to maintain his suit by an action for bill of review and to have the dismissal voided.

We deem the circumstances whereby there was a dismissal of Campbell's suit by the trial court, on its own motion and without prior or subsequent notice to plaintiff or his attorney within the time for an appeal to be taken from such action, to require holding like unto that we made in the Lane case. In other words we hold that plaintiff was entitled to maintain his suit for bill of review. The trial court having entered a judgment to the contrary the proper order of this appellate court is one of remand with Campbell's suit for bill of review reinstated on the docket as a case pending for trial. Considered as a case which is "entire" it is of course not yet ripe for actual trial.

St. Paul Fire and Marine Insurance Company became a party to the instant suit and on appeal. It seeks, in the event Campbell should be entitled to rendition, to invoke some principle of equity whereby in the event Commercial Standard be held liable to Campbell, it be awarded a recovery over in the amount for which that insurance company be declared liable, exclusive of attorney's fees and expenses which would be Campbell's. In view of out disposition there is no necessity to discuss the contention. The entire matter is to be remanded. Suffice it to observe that as a legal proposition St. Paul Fire and Marine Insurance Company has no cause of action on the theory advanced because it has yet to establish that it is entitled to a judgment against plaintiff for damages at law.

Judgment is reversed and the cause remanded.

All costs of appeal are taxed against Commercial Standard Insurance Company.