**Frank SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57168.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 7, 1978.

Edith Roberts, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

This is an appeal from a final judgment forfeiting an appearance bond. By per curiam opinion dated February 15, 1978, this appeal was dismissed because it appeared that neither party had filed a brief. On motion for rehearing the appellant demonstrated that a brief had in fact been filed, although under an erroneous cause number. The appeal was therefore reinstated and is now before us on the merits.

The appellant was surety on an appearance bond for James Ray Park in the amount of $1,500. A judgment nisi was entered in the 147th District Court of Travis County. A final judgment was entered against James Ray Park as principal and Frank Smith as surety.

Since the appellee has not filed a brief in this Court, we may accept as true any statements in appellant's brief as to the facts or the record. Texas Rule of Civil Procedure 419, Art. 44.44, V.A.C.C.P.; *Smith v. State,* 561 S.W.2d 501; *Smith v. State,* 561 S.W.2d 502. Having carefully reviewed appellant's brief, we find that he has alleged no facts which entitle him to a reversal of the judgment.

Appellant initially contends that the bond is void and unenforceable because the principal failed to write thereon his address.

■ Although Art. 17.08, Sec. 4, V.A.C.C.P., provides that both the principal and surety "shall write thereon his mailing address," this Court has repeatedly held that the absence of the principal's address will not exonerate the surety or the principal from liability under the bond. *Bowen v. State,* 413 S.W.2d 915; *Hodges v. State,* 489 S.W.2d 916; *Swaim v. State,* 498 S.W.2d 188. We find the bond which was the basis of the instant forfeiture to be valid even though it appears the principal's address has been omitted.

■ Appellant next contends that the trial court erred in entering final judgment forfeiting the bond because the principal was in custody at the time of the final hearing on the bond forfeiture. This contention is without merit. Article 22.13, Sec. 3, V.A.C.C.P., provides for exoneration due to the following circumstances:

"the sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or shows sufficient cause for not so appearing."

Accepting as true appellant's allegation that the principal was in custody at the time of the final hearing, we find that the appellant has not alleged facts which show that the principal's failure to appear in court *at the time the bond was forfeited* was due to "some uncontrollable circumstance." See *Fernandez v. State,* 516 S.W.2d 677.

■ Appellant lastly contends that the trial court erred in entering a final judgment forfeiting the appearance bond against him because the principal was never served with citation.

Article 22.05, V.A.C.C.P., provides that the sureties "shall be entitled to notice by service of citation . . . ." This Article also provides, "it shall not be necessary to give notice to the defendant unless he has furnished his address on the bond, in which event notice to the defendant shall be deposited in United States mail directed to the defendant at the address shown on the bond." Formal service of citation on the principal is clearly not required nor contemplated by Art. 22.05. Likewise, Art. 22.03, V.A.C.C.P., provides that upon entry of the judgment nisi, "citation shall issue forthwith notifying the sureties of the defendant . . . ." Appellant's contention that the final judgment forfeiting the bond was erroneous because of the failure to serve the principal is without merit. *Hollins v. State,* 427 S.W.2d 865; *Johnson v. State,* 172 Tex. Cr.R. 624, 361 S.W.2d 574.

The judgment is affirmed.