Cecil WHEELER, Guardian of the Estate of Edward N. Prince, Jr., NCM, Appellant,

v.

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellee.

No. 1458.

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1980.

Guy W. Griffin, Bill F. Griffin, Jr., Center, for appellant.

Robert Fairchild, Fairchild, Price & Russell, Center, for appellee.

John O. Brentin, Houston, for intervenor.

PER CURIAM.

This is an appeal from an order of the trial court of Shelby County captioned "Order Denying Summary Judgment and Abating said cause" dated June 6, 1980.

Edward N. Prince was injured in an automobile accident in Madison County, Texas, on November 11, 1977, following which a claim for worker's compensation benefits was filed with the Industrial Accident Board of the State of Texas (the IAB). On December 8, 1978, the IAB entered its final award concerning Prince's claim. After proper and timely notice of appeal, the insurance carrier, Employers Mutual Liability Insurance Company of Wisconsin, appellee here (Employers), filed suit in the District Court of Madison County to set aside the award; service was perfected upon Prince and his guardian; an answer and cross-action was filed by the appellant; and appellant's motion to dismiss the Madison County suit for want of jurisdiction was overruled. As of this date, the Madison County suit is still pending final determination.

Subsequent to the filing of the Madison County suit, appellant herein filed suit in the District Court of Shelby County seeking to mature the same award of the IAB which was the basis of the Madison County suit. In that suit, both parties filed pleadings entitled Motion for Summary Judgment. Following a hearing upon both matters, the District Court of Shelby County on June 6, 1980, denied Appellant's Motion for Summary Judgment and abated said cause pending final determination of the Madison County suit.

Thereafter, on June 13th, the appellant filed an instrument with the Shelby County court entitled "Motion for New Trial" which was overruled by order of the court on July 28th. On August 14th, appellant filed a cost bond attempting to appeal the matter to this court which states, in part:

COST BOND

Whereas, in the above-entitled and numbered cause pending in the District

Court of Shelby County, Texas, and at a regular term thereof, on the 6th day of June, 1980, a judgment was rendered in favor of Employers Mutual Liability Insurance Company of Wisconsin, Defendant, and against Cecil Wheeler, Guardian of the Estate of Edward N. Prince, Jr., Plaintiff, *denying said plaintiff's Motion for Summary Judgment, from which judgment Cecil Wheeler, Guardian, desires to appeal* to the Court of Civil Appeals for the Twelfth Supreme Judicial District of Texas.... (Emphasis supplied.)

Employers has filed with this court a Motion to Dismiss for Want of Jurisdiction stating in support thereof that no final judgment has been entered in this cause by the trial court and the order of the trial court is an interlocutory order from which no appeal lies. We agree for several reasons.

In response to Employers' motion, appellant asserts that he is entitled to perfect his appeal for the reason that while there is ordinarily no appeal from an interlocutory order, the rule is different with respect to an order which is void because of lack of jurisdiction or power of the trial court to act. In support of the appealability of his claim, appellant contends that since appellee did not file a Plea in Abatement, the order of the trial court abating the cause on its own motion was void, thus allowing him to appeal.

■ While we are cognizant of the general rule proffered by appellant, we find that its attempted application to the case at hand is misplaced. The order of the trial court abating the action was not void merely because it was entered upon its own motion. Instead, as in *Campbell Ins. Agency v. Commercial Standard Insurance Company*, 502 S.W.2d 232, 236 (Tex.Civ.App.-Fort Worth 1973, writ ref'd n.r.e.), we hold that the fact that no plea in abatement was filed by Employers is of no import. The authority of the court to abate trial of a case does not depend upon such a plea, the plea being only a vehicle by which there is shown to exist a circumstance justifying abatement by the court. In order to serve the public interest in the orderly disposition of litigation and to prevent a multiplicity of suits, a court may, where it is made aware of circumstances justifying it, abate an action upon its own motion. Courts are erected to settle controversies, not to multiply them.

■ Here, the trial court was made aware of the pendency of the prior action by Employers' pleadings as well as evidence adduced at the hearing on both parties' Motions for Summary Judgment. At that time, appellant himself introduced certified copies of all pleadings and orders which had been filed in the Madison County suit. Thus, this case is distinguishable from that line of authorities which holds that a plea in abatement may be waived where not *properly* pled. Such cases hold that if facts are not seasonably alleged and proof of the pendency of the prior suit is not made by competent evidence, abatement is waived. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1071–72 (1926).

At oral argument before the trial court, Employers clarified its position relative to its Motion for Summary Judgment to disclose that the crux of its contention was that the cause was improperly before the court due to the pending Madison County suit. Rather than dismissing the suit as prayed, the court chose to abate the action. Clearly, facts were seasonably proven at the hearing that revealed to the court that the prior Madison County suit involved identical parties and issues and that that court had acquired dominant jurisdiction. In fact, we fail to see how an abatement of the suit resulted in harm to appellant.

■ Furthermore, it appears that there are further grounds to support our judgment that this court lacks jurisdiction. As stated in the aforementioned quotation from appellant's cost bond, it appears that he is attempting to appeal from an order overruling his Motion for Summary Judgment. Such interlocutory appeals have long been verboten in this state. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365

(Tex.1966); *Brazoria County v. Radtke*, 566 S.W.2d 326, 327 (Tex.Civ.App.-Beaumont 19 , writ ref'd n.r.e.); *Haynes v. Dunn*, 518 S.W.2d 880, 886 (Tex.Civ.App.-Waco 1975, writ ref'd n.r.e.).

Accordingly, for the reasons stated above, Employers' Motion is granted and the appeal is dismissed for want of jurisdiction.