S. L. DECKARD, Sr., d/b/a Deckard's Bail Bonds, Surety, Appellant,

v.

The STATE of Texas, Appellee.

No. 65735.

Court of Criminal Appeals of Texas, Panel No. 2.

April 15, 1981.

Rehearing Denied May 27, 1981.

---

Louis A. Joseph, San Antonio, for appellant.

Bill M. White, Dist. Atty., Barry P. Hitchings, and Jerry Rosson, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

This is an appeal by S. L. Deckard, Sr., d/b/a Deckard's Bail Bonds, as Surety, from a final judgment forfeiting a $10,000 appearance bond.

Appellant contends that there is a fatal variance between the bond and the judgment nisi, and consequently the State was not entitled to a summary judgment. We agree and reverse.

The bond recites that the Principal, Fernando Martinez, "has been charged by Indictment with a Felony, to-wit: Delivery of Heroin." The bond further provides that the principal shall personally appear "instanter before the Honorable 175th DISTRICT COURT, ..." The judgment nisi states in its heading that it was entered: "In the District Court, 227th Judicial District of Bexar County, Texas." The judgment nisi further recites that the bond is declared forfeited because the principal failed to appear when the case was called for trial "in the case now pending against Defendant in this Court ..."

The State in its brief admits that the criminal case pending against the principal was originally before the 175th District Court, but asserts that it was transferred to the 227th District Court when Judge James E. Barlow went from assignment in the 175th to the 227th Court. The state then refers to "(R 18)". An examination of this page in the record reveals that it contains the State's motion for summary judgment, which asserts that the bond in question was executed in "this Court", apparently referring to the 227th Judicial District Court. The State argues that the judgment nisi itself reflects the transfer of the case from the 175th Judicial District Court to the 227th Judicial District Court with language that states that the principal failed to "show personal appearance in the case now pending against Defendant in this Court." The State's summary judgment proof does not contain any independent evidence of a transfer of the criminal case against the principal from the 175th Judicial District Court to the 227th Judicial District Court.

In moving for summary judgment in a bond forfeiture case, the State had the burden of establishing as a matter of law that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.Sup.1970); *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.Sup.1969); *Deckard v. State*, 605 S.W.2d 918 (Tex.Cr.App.1980). The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judgment nisi. *Tocher v. State*, 517 S.W.2d 299 (Tex.Cr.App. 1975); *Deckard v. State*, supra.

In *George v. State*, 589 S.W.2d 428 (Tex. Cr.App.1979), a bond for final judgment forfeiting an appearance bond was reversed because of a variance between the final judgment entered in the 158th District Court of Denton County and the judgment nisi which reflected that the principal failed to appear in the 211th District Court of Denton County. No order appeared in the record transferring the case from the 211th District Court to the 158th District Court. This Court found that neither the evidence nor the judgment nisi supported the final judgment.

Likewise, in *Smith v. State*, 548 S.W.2d 407 (Tex.Cr.App.1977), the judgment nisi was entered in the 147th Judicial District Court of Travis County. The final judgment of forfeiture, however, was entered by the 167th District Court of Travis County. There was no proof of a proper transfer and the case was reversed when this Court found that the final judgment was not supported by the allegations of the judgment nisi.

Similarly, we conclude that in the present case, the State has not met its burden because there is a material variance in the elements of its proof. Summary judgment forfeiting the bond was improperly granted when the State submitted no summary judgment proof to demonstrate a transfer of the criminal case from the 175th District Court to the 227th District Court. Therefore, it may not be concluded that the State has satisfied its burden of demonstrating that it was entitled to judgment as a matter of law.

The judgment is reversed and the cause is remanded.