ACCEPTED
13 14-00645-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/9/2015 10:32:07 AM
CECILE FOY GSANGER
CLERK

## CAUSE NO. 13-14-00645-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/9/2015 10:32:07 AM
CECILE FOY GSANGER
Clerk

## IN THE COURT OF APPEALS

## THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG, TEXAS

**WILLIAMSBURG NATIONAL INSURANCE COMPANY D/B/A EL PADRINO BAIL BONDS,**
**Appellant**

**v.**

**STATE OF TEXAS,**
**Appellee.**

**On appeal from the COUNTY COURT AT LAW NO. 3**
**of Cameron County, Texas**
**Trial Court Cause Number 2013-CCL-1381-C**

## STATE'S APPELLATE BRIEF

Oral Argument Requested

**Luis V. Saenz**
**Cameron County District Attorney**

**Rachel Multer Michalewicz**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869
**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents ............................................................................................. ii

Index of Authorities ........................................................................................ iii

Salutation ........................................................................................................1

Statement of Facts ..........................................................................................2

State's Request for New Trial ..........................................................................2

Summary of the Argument ..............................................................................3

Argument and Authorities ...............................................................................4

    State's Response to Appellant's First Issue .....................................................4

    State's Response to Appellant's Second Issue ................................................6

    State's Response to Appellant's Third Issue ..................................................11

    State's Response to Appellant's Fourth Issue ...............................................19

Prayer ...........................................................................................................22

Certificate of Compliance .............................................................................23

Certificate of Service ....................................................................................24

# INDEX OF AUTHORITIES

**Cases**

*Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235    (Tex. 2007) .................................................................................................. 14, 18

*Campbell Ins. Agency v. Commercial Standard Ins. Co.*, 502 S.W.2d 232, 236 (Tex. Civ. App.—Fort Worth 1973, writ ref'd n.r.e.)................................................7

*Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)..........................17

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)....17

*Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976)....................................9

*Deckard v. State*, 615 S.W.2d 717, 718 (Tex. Crim. App. 1981)............... 16, 17, 20

*Escobar v. State*, 587 S.W.2d 714, 716 (Tex. Crim. App. 1979) ..................... 12, 16

*Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967)......................................................9

*Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 175 (Tex. App.—Fort Worth 1996, no writ)...................................................................................................................17

*Fisher v. State*, 832 S.W.2d 641, 643 (Tex. App.—Corpus Christi 1992, pet. ref'd) ..................................................................................................................................17

*Freightliner Corp. v. Motor Vehicle Bd. of Texas Dep't of Transp.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied)..................................................10

*Gardner v. Martin*, 162 Tex. 156, 158, 345 S.W.2d 274, 276 (1Tex. 961) ...........13

*Guyot v. Guyot*, 3 S.W.3d 243, 246-47 (Tex. App.—Fort Worth 1999, pet. dism'd)

...........................................................................................................9

*Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971) .................18

*Hokr v. State*, 545 S.W.2d 463, 465 (Tex. Crim. App. 1977) ...............................20

*In re C.S.*, 208 S.W.3d 77, 81 (Tex. App.—Fort Worth 2006, pet. denied)............13

*In re Kimball Hill Homes Texas, Inc.*, 969 S.W.2d 522, 527 (Tex. App.—Houston

[14th Dist.] 1998, orig. proceeding) ...................................................6, 8

*Juarez v. State*, No. 06-14-00052-CR, 2015 WL 1325531, at *10 (Tex. App.—

Texarkana  Mar. 24, 2015, no pet.) ...................................................15

*Lozano v. State*, 359 S.W.3d 790, 818 (Tex. App.–Fort Worth 2012, pet. ref'd)....14

*Lumbermens Mut. Cas. Co. v. Garza*, 777 S.W.2d 198, 199 (Tex.App.—Fort

Worth 1989, no writ) ...................................................................8

*Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999,

pet. denied) ...........................................................................6

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985) ........................16

*Smith v. State*, 566 S.W.2d 638, 640 (Tex. Crim. App. 1978) ........................ 12, 21

*Soileau v. State*, No. 14-02-01303-CR, 2004 WL 78176, at *5 (Tex. App.—

Houston [14th Dist.] Jan. 20, 2004, no pet.) (mem. op., not designated for

publication) ..................................................................................13

*Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985) ........................................6

*Wheeler v. Employers Mut. Liab. Ins. Co. of Wisconsin*, 609 S.W.2d 826, 828 (Tex.

Civ. App.—Tyler 1980, no writ) ...............................................................7

**Statutes**

Code Crim. Proc. Ann. Art. 22.05 (2015)........................................... 12, 21

**Rules**

Tex. R. App. P. 33.1..................................................................... 14, 18

Tex. R. Civ. P. 166a(c)......................................................................17

Tex. R. Civ. P. 174. (2015) ..................................................................4

Tex. R. Evid. 103 ........................................................................ 14, 18

Tex. R. Evid. 803(8)..........................................................................14

# CAUSE NO. 13-14-00645-CR

_____

# IN THE COURT OF APPEALS

# THIRTEENTH JUDICIAL DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG, TEXAS

_____

# WILLIAMSBURG NATIONAL INSURANCE COMPANY D/B/A EL PADRINO BAIL BONDS,
Appellant

v.

# STATE OF TEXAS,
Appellee

_____

# STATE'S APPELLATE BRIEF

_____

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

## STATEMENT OF THE FACTS

The current appeal arose from a bond forfeiture case. In such cases, a bail bond company bonds out an individual, guaranteeing the individual's appearance in court. When a criminal defendant fails to appear in court, the State requests the issuance of a judgment nisi. The judgment nisi forms the State's petition for the defendant's bond to be forfeited to the State. The resulting proceeding is quasi criminal/civil, with civil law being used in a criminal case.

The Trial Court heard arguments on several cases in two joint hearings. Of these cases, only two are on appeal: No. 2013-CCL-1381 and No. 2012-CCL-1400. However, 2013-CCL-732 will be referenced throughout the State's Brief because an explanatory brief was filed in only one case at the trail court's request. All other motions, including the State's Motion for Final Traditional Summary Judgment and Motion for Final No Evidence Summary Judgment, were to be filed in each individual case.

## STATE'S REQUEST FOR NEW TRIAL

Due to an unintentional omission by the State, the State's Motion for Final Traditional Summary Judgment and Motion for Final No Evidence Summary Judgment was not filed in this case, No. 2013-CCL-1381. Despite Appellant's failure to raise this issue as grounds for reversal, the State recognizes this may be

reversible error and in the interest of justice, asks that this Court consider whether this warrants reversal of the judgment and remand for a new trial on the merits, notwithstanding the issues presented. All other arguments are presented unchanged.

## SUMMARY OF ARGUMENT

Appellant raises four issues on appeal. In his first issue, Appellant complains that the trial court erred in consolidating the cases. The State responds by asserting that the cases were never consolidated. In his second issue, Appellant complains that the trial court erred in allowing abated cases to proceed. The State responds by asserting that the trial court never intended an abatement, any such order cannot be enforced due to vagueness, and Defendant Surety failed to timely object. In his third issue, Appellant complains that the trial court abused its discretion by not obtaining proof of citation in compliance with Art. 22.05 of the Texas Code of Criminal Procedure, that proper Summary Judgment procedure was not followed, and oral evidence was allowed in at the hearing for the motion of Summary Judgment. The State responds by asserting that evidence was presented showing that Art.22.05 was complied with, the State followed correct Summary Judgment procedure, and no oral evidence was allowed in the hearing. Finally, in his fourth issue, Appellant complains that the trial court erred in granting the

State's default judgment without regard to evidence of citation or regard to the finality of judgments. The State responds by asserting that evidence was presented showing that Art.22.05 was complied with and summary judgment was final and appealable.

## ARGUMENT & AUTHORITIES

### *State's Response to Appellant's First Issue*

In his first issue, Appellant complains that the trial court erred in consolidating the cases. The State responds by asserting that the cases were never consolidated.

Rule 174(a) of the Texas Rules of Civil Procedure controls consolidation of trials. In full it states "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Tex. R. Civ. P. 174. (2015).

Here, the court did not order a consolidation. There was no written order or oral order of consolidation. The word consolidate is only mentioned once: by Defendant Surety when discussing the joint liability between Defendant Surety and

Defendant Principal (R. R. Vol. 2, p. 16, l. 21).  On the basis of these facts, it cannot be said that there was an order of consolidation.

In the present case, all facts point to the trial court having a joint hearing of the legal issues in all four cases, due to the common question of law.  Defendant Surety represented to the trial court that all four cases relied on the same motions, responses, and arguments (R. R. Vol. 2, p. 5, l. 5-7, 13-16).  Based on this representation that the four cases were the same, the court in the interest of judicial economy and efficiency chose to hear arguments in only one case (R. R. Vol. 2, p. 5, l. 17-19).  The trial court would then apply the reasoning to each case (R. R. Vol. 2, p. 5, l. 17-19).

Throughout the August 5, 2014 hearing, Defendant Surety relied only on legal arguments and never discussed the facts of any particular case. (R. R. Vol. 2, p. 18, l. 22-23).  For that reason, the trial court requested a brief be filed in only one case with the intention that it would apply to all four cases. (R. R. Vol. 2, p. 22, l. 16-23).  Additionally, the trial court, the State, and Defendant Surety viewed the cases as being four distinct cases. (R. R. Vol. 2, p. 24, l. 11-15).

The September 23, 2014 hearing was the first time Defendant Surety argued the individual facts of a case. (R. R. Vol. 3, p. 27-28, l. 25-3).  There, Defendant Surety stated that in one case Defendant Principal was apprehended. (R. R. Vol. 3,

p. 28, l. 5-7). For that reason, the State later non-suited 2013-CCL-00864. While Defendant Surety acknowledged the facts of No. 2013-CCL-00864 had changed, they reiterated that the other cases remained the same. (R. R. Vol. 3, p. 27-28, l. 25-3).

Accordingly, Appellant's first issue should be overruled.


***State's Response to Appellant's Second Issue***

In his second issue, Appellant complains that the trial court erred in allowing abated cases to proceed. The State responds by asserting several arguments.

A.    Introduction

An abatement is suspension or cessation of all proceedings in a suit. *In re Kimball Hill Homes Texas, Inc.*, 969 S.W.2d 522, 527 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) [hereinafter In re Kimball]. An order of abatement is for the purpose of allowing a reasonable amount of time to cure the defect or impediment to proceeding. *Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, pet. denied). By abating, the court gives the parties an opportunity to cure the defect. *Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985). Generally, an abatement will be brought by the defendant in a motion or in a plea for abatement. *Martin*, 2 S.W.3d at 353. Two appellate courts have held that the

court on its own motion can abate a proceeding. *See Campbell Ins. Agency v. Commercial Standard Ins. Co.*, 502 S.W.2d 232, 236 (Tex. Civ. App.—Fort Worth 1973, writ ref'd n.r.e.); *Wheeler v. Employers Mut. Liab. Ins. Co. of Wisconsin*, 609 S.W.2d 826, 828 (Tex. Civ. App.—Tyler 1980, no writ).

B.      The Trial Court Did Not Intend to Abate Proceedings

Here, there was no abatement of the case on appeal because the trial court never intended to suspend the other cases.  The trial court's intent was for the four cases to be "carried together" and reset together, despite stating there was to be an abatement. (R. R. Vol. 2, p. 25, l. 2-5; p. 5, l. 17-9; p. 23, l. 1-4).  As previously mentioned, four cases were set before the trial court. All four cases relied on identical legal arguments (R. R. Vol. 2, p. 5, l. 5-7, 13-6; p. 18, l. 19-20).  The court requested that both Appellant and the State brief the legal issues (R. R. Vol. 2, p. 21, l. 12-4).  For judicial economy, the court requested that the brief be filed in only one case, but the decision would affect all four cases (R. R. Vol. 2, p. 22, l. 16-8; p. 5, l. 17-9; p. 25, l. 2-5).  Appellant later filed the brief on No. 2013-CCL-00732 (R. R. Vol. 3, p. 6-7, l. 25-1).  Despite the trial court stating that the other three cases would be 'abated' until arguments were heard on No. 2013-CCL-00732, the court intended to resolve all cases at the same time (R. R. Vol. 2, p. 23, l. 1-4).  This is evidenced by the court stating that "these cases will be carried

together" and the court administrator resetting all four cases for the same date. (R. R. Vol. 2, p. 25, l. 2-5; p. 25, l. 6-7). Further, no defect was alleged when ordering the abatement. As an abatement is for the purpose of fixing defects, the court's failure to specify the defect in need of cure implies that the court meant to merely reset the other cases. This is further evidenced by the court allowing State to amend summary judgment motion after declaring an abatement. (R. R. Vol. 2, p. 23-4, l. 24-7; p. 25-26, l. 17-4). Despite the trial court stating there was to be an abatement, under the totality of the circumstances it is cannot be said that the trial court actually ordered an abatement, thereby suspending the other three cases. For this reason there was never an order of abatement, and the State's motion is not void.

C.     The Abatement Order Cannot be Enforced Due to Vagueness

If this Court finds that despite the trial court's intent, the other cases were abated, the State's motion would still be valid because the Court's order, being oral, lacked clear terms. While an abatement generally prevents the trial court and parties from proceeding until the case has been revived, the trial court and the parties may proceed on matters specified in the abatement order. *Lumbermens Mut. Cas. Co. v. Garza*, 777 S.W.2d 198, 199 (Tex.App.—Fort Worth 1989, no writ); *In re Kimball*, 969 S.W.2d at 527. Here, the order of abatement was orally

pronounced in court. The oral order was never reduced to writing. The notation on the case summary sheet is not a written order because it "is a memorandum made for the clerk's and trial court's convenience." *Guyot v. Guyot*, 3 S.W.3d 243, 246-47 (Tex. App.—Fort Worth 1999, pet. dism'd).

There is no relevant case law discussing the interpretation of vague oral orders. However, guidance can be drawn from other cases. The Texas Supreme Court stated that "for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967). While *Slavin* concerned holding a person in contempt for disobeying an oral order, the requirement of specific and unambiguous terms can easily be applied to any situation where parties will rely on an oral order. This is not an unreasonable method of interpretation, considering it is what is required when a written judgment is ambiguous. When a judgment is ambiguous, the entire content of the judgment and the record should be considered. *See Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976). Specifically, if the "judgment is susceptible to more than one interpretation, the one that renders the judgment more reasonable, effective, and conclusive, and that harmonizes it with the facts and the law of the

case, should be adopted." *Freightliner Corp. v. Motor Vehicle Bd. of Texas Dep't of Transp.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied).

The oral order of abatement was ambiguous because the record as a whole contradicts the abatement. A short time after ordering an abatement, the trial court stated that "these cases will be carried together," prompting the court administrator to reset all cases for the same date. (R. R. Vol. 2, p. 25, l. 4-7). Further, the court told the State that if they could amend the summary judgment motion, they were allowed to do so. (R. R. Vol. 2, p. 23-4, l. 24-7; p. 25-26, l. 17-4). The trial court specifically stated that the State could file new motions addressing the issue. (R. R. Vol. 2, p. 26, l. 21-3).

The order is further ambiguous because an order of abatement is typically issued to allow a plaintiff to cure a defect. When the trial court ordered an abatement, no defect was alleged. (R. R. Vol. 2, p. 23, l. 1-4). However, when viewing the record as a whole, a potential defect emerges. On the August 5, 2014 hearing, Defendant Surety complained that it was improper to have a combined motion for default judgment and summary judgment. (R. R. Vol. 2, p. 16, l. 3-24). The motion for traditional summary judgment and final no evidence summary judgment filed by the State, of which Appellant objects to, was filed in response to Defendant Surety's complaint. (R. R. Vol. 3, p. 7, l. 24-25). Construing the

abatement order in the present case to allow the motion is in line with the purpose of correcting defects through an abatement order, a fact which even Appellant recognizes.

D.     Appellant's Second Issue is Waived Due to Failure to Timely Object

Appellant is estopped from arguing the abatement made the filing of the motion void because the Appellant at the trial court failed to object.  After ordering the abatement, the State argued that they would amend the combined motion for default judgment and summary judgment. (R. R. Vol. 2, p. 26, l. 5-23).  During that exchange, Defendant Surety failed to object. (R. R. Vol. 2, p. 26, l. 5-23).  The Defendant Surety also failed to object on the grounds of the abatement in the hearing on September 23, 2014.  In the amended original answer filed September 16, 2014, Defendant Surety made no objection to the State's motion for traditional summary judgment and final no evidence summary judgment.  For this reason, Appellant should be estopped from arguing that an actual abatement was granted. Accordingly, Appellant's second issue should be overruled.

*State's Response to Appellant's Third Issue*

In his third issue, Appellant complains that the trial court abused its discretion by not obtaining proof of citation in compliance with Art. 22.05 of the

Texas Code of Criminal Procedure, that proper Summary Judgment procedure was not followed, and oral evidence was allowed in at the hearing for the motion of Summary Judgment. The State responds by asserting the following arguments.

A. Service in Bonds

Article 22.05 requires notice to be sent to Defendant Principal if he provided his address on the bond. The notice must be sent by United States mail to the address shown on the bond or Defendant Principal's last known address. Code Crim. Proc. Ann. Art. 22.05 (2015). Failure to actually serve Defendant Principal is immaterial because "[f]ormal service of citation on the principal is clearly not required nor contemplated by Art. 22.05." *Smith v. State*, 566 S.W.2d 638, 640 (Tex. Crim. App. 1978). Where the record is silent, there is a rebuttable presumption in favor of the State that Art. 22.05 was complied with. *Escobar v. State*, 587 S.W.2d 714, 716 (Tex. Crim. App. 1979).

Here, the record was not silent regarding service of Defendant Principal. The State presented a certified copy of the case summary sheet showing citation was prepared and issued. (C. R. p. 63). The State asked that the trial court take judicial notice of all documents in the four cases, allowing the court to consider the whole of the Clerk's Record.[1] *See In re C.S.*, 208 S.W.3d 77, 81 (Tex. App.—Fort

---

[1] The State asked the trial court to take judicial notice during a joint hearing of all four cases. The Defendant Surety failed to object during the hearing and although briefly complaining about

Worth 2006, pet. denied) (explaining that "[i]t is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of the hearing.").

At least one Appellate Court has upheld summary judgment on a bond forfeiture where proof of citation relied on a notation by a clerk. In an unreported memorandum opinion, the 14th District Court of Appeals was faced with a Defendant Surety who argued that the summary judgment standard required the trial court to conclude that Art. 22.05 was not met even though there was "a notation indicating a deputy clerk deposited the citation in the United States mail." *Soileau v. State*, No. 14-02-01303-CR, 2004 WL 78176, at *5 (Tex. App.— Houston [14th Dist.] Jan. 20, 2004, no pet.) (mem. op., not designated for publication). The court held that "[i]f a silent record will support a presumption of compliance with article 22.05, the record in the present case clearly supports the presumption." *Id.* (referencing the *Escobar* presumption). Likewise, the certified copy of the case summary sheet showing citation in compliance with Art. 22.05 fulfills the State's requirement beyond that required by *Escobar*.

---

this on appeal, has failed to argue that it is grounds for reversion. Further, "[i]t is well recognized that a trial court may take judicial notice of its own records in a cause *involving the same subject matter* between the same, or practically the same, parties." *Gardner v. Martin*, 162 Tex. 156, 158, 345 S.W.2d 274, 276 (1961) (emphasis added).

Appellant argues that the certified copy of the case summary sheet contained hearsay and was improperly admitted into evidence. However, the record contains no formal objection and no ruling on the issue by the court. (R. R. Vol. 2, p. 10, l. 9-19). Error must be preserved by the opponent making a "timely, specific objection and obtain[ing] a ruling." Tex. R. App. P. 33.1; Tex. R. Evid. 103; *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007). As a result, Appellant cannot raise this issue on appeal because the objection was not properly preserved.

Even if Appellant properly preserved the objection, the case summary sheet falls under an exception to hearsay. Rule 803(8) excepts public records when the record sets out the office's activities or a matter observed while under a legal duty to report, where other circumstances indicate a lack of trustworthiness. Tex. R. Evid. 803(8). Here, the case summary sheet set out the County Clerk's activities with regard to the case by noting that they sent via notice to defendant principal via certified mail.

Further, "[r]ule 803(8) presumes admissibility, and the party opposing the report's admission must prove the report's untrustworthiness." *Lozano v. State*, 359 S.W.3d 790, 818 (Tex. App.–Fort Worth 2012, pet. ref'd)." The rationale is that "documents recording routine, objective observations, made as part of the

everyday function of the preparing official or agency" contains "ministerial, objective observations of an unambiguous factual nature" and are therefore inherently reliable. *Juarez v. State*, No. 06-14-00052-CR, 2015 WL 1325531, at *10 (Tex. App.—Texarkana  Mar. 24, 2015, no pet.) (quoting *Cole v. State*, 839 S.W.2d 798, 804, 810 (Tex. Crim. App. 1990) (op. on reh'g) (per curiam); *Tanner v. State*, 875 S.W.2d 8, 9 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd)). Although during the hearing the Defendant Surety argued that the notations were untrustworthy, they offered no proof to refute the other evidence in the Clerk's Record, as addressed in the following paragraph. (R. R. Vol. 2, p. 10, l. 8-14).  As the certified copy of the case summary sheet fits into this exception and Defendant Surety has failed to prove the record's untrustworthiness, the case summary sheet is not hearsay.

In addition to the case summary sheet, other evidence exists in the Clerk's Record which shows that citation was sent in compliance with Article 22.05.  The Clerk's Record shows that service and other documents were sent by mail and returned on November 26, 2012, February 26, 2013, November 04, 2013, May 20, 2014, June 16, 2014, September 12, 2014, and October 22, 2014, (C. R. p. 31-41; 44-45; 72-75; 113-114; 131-134; 152-153; 158-161).  All were sent to Defendant Principal's address stated on the bond, in compliance with Art. 22.05.  As

previously mentioned, the State asked the trial court to take judicial notice of all documents in the court's file, which allowed the court to consider the evidence.[2] When the record is sworn to as correct by the Clerk, as here, "[a]bsent other evidence," the record is assumed correct. *Escobar*, 587 S.W.2d at 716. Further, Appellant relies on the Clerk's Record as a whole, thereby waiving any objection as to the accuracy of the documents contained therein.

B. Summary Judgment

When moving for summary judgment in a bond forfeiture case, "the State had the burden of establishing as a matter of law that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law." *Deckard v. State*, 615 S.W.2d 717, 718 (Tex. Crim. App. 1981) (quoting *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970)). The court must view the evidence in the light most favorable to the nonmovant. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). The essential elements of the State's cause of action in a bond

---

2 The State asked the trial court to take judicial notice during a joint hearing of all four cases. The State asserts that this meets our requirement of proving up all four cases. The Defendant Surety failed to object during the hearing. Further, Defendant Surety, although briefly complaining about this on appeal, has failed to state the right to a new trial for this reason. Error must be preserved by the opponent making a "timely, specific objection and obtain[ing] a ruling." Tex. R. App. P. 33.1; Tex. R. Evid. 103; *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007).

forfeiture proceeding are the bond and the judgment nisi. *Deckard*, 615 S.W.2d at 718.

Here, the State moved for summary judgment with regards to both Defendant Principal and Defendant Surety. (C. R. p. 142-150). Once the State established the right to summary judgment with clear and direct evidence that could be easily controverted, the burden shifted to the Defendant Surety to show that an issue of material fact exists. Tex. R. Civ. P. 166a(c); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 175 (Tex. App.—Fort Worth 1996, no writ). The non-movant must respond unless the summary judgment motion is insufficient as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

The State's failure to attach the evidence discussed above to the summary judgment motion is not fatal. The Texas Court of Criminal Appeals has held that "[t]he State is not required to attach copies of the judgment nisi or the appearance bond to the motion for summary judgment, since those documents are part of the trial court's record in the case." *Fisher v. State*, 832 S.W.2d 641, 643 (Tex. App.— Corpus Christi 1992, pet. ref'd) (quoting *Escobar*, 587 S.W.2d at 716). Central to this decision is that the "record is sworn to as correct by the deputy district court

clerk." Escobar, 587 S.W.2d at 716.  Likewise, proof of service can be relied on by the trial court when it is in the court's own record.

The Defendant Surety failed to produce any evidence or even controvert the State's evidence.  The Defendant's Objection and Response to the State of Texas' Motion for Final Traditional and No Evidence Summary Judgment[3] did not reference any evidence in the record or contain any attached evidence.  A pleading alone, even when sworn, cannot form the basis of summary judgment evidence. *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971).  Therefore, Defendant Surety's unsworn response was not enough to defeat the State's Motion for Summary Judgment.  Further, the prior filed special exceptions which Defendant Surety relies on cannot controvert the State's Motion for Summary Judgment.  Defendant Surety failed to urge his objections and obtain a ruling. Therefore, any allegations made have not survived for appellate review. *See* Tex. R.  App.  P. 33.1; Tex. R. Evid. 103; *Bay Area Healthcare Grp., Ltd.*, 239 S.W.3d at 235.

C. Oral Testimony

Rule 166a(c) prohibits the introduction of oral testimony at summary judgment hearings.  However, no oral testimony was provided at either hearing.

---

3 Filed only on No.2013-CCL-732. Defendant Surety has waived his Special Exceptions by failing to obtain a ruling on the objections.

No witnesses were called and no factual statements from witnesses were introduced as evidence. Therefore, the trial court did not permit a violation of Rule 166a(c) as only arguments were presented. (R. R. Vol. 2, p. 18, l. 19-20).

Accordingly, Appellant's third issue should be overruled.

*State's Response to Appellant's Fourth Issue*

In his fourth issue, Appellant complains that the trial court erred in granting the State's default judgment without regard to evidence of citation or regard to the finality of judgments. The State's response is as follows.

A. There was No Default Judgment

In Defendant Surety's Brief, the Defendant Surety argues that the State did not meet the burden for requesting default judgments. While the State did pursue a partial default judgment against Defendant Principal, this motion was later abandoned in favor of a motion for summary judgment as to both Defendant Surety and Defendant Principal. (C. R. p. 115-129; 142-150; R. R. Vol. 3, p. 7, l. 24-25). The partial default motion was defective as a default judgment against Defendant Principal and a summary judgment against Defendant Surety would not meet the requirement that the Defendant Principal and Defendant Surety be jointly and severally liable. (R. R. Vol. 3, p. 9, l. 16-25). As a result, the State abandoned that

motion and pursued the joint summary judgment motion.  The trial court granted the summary judgment motion, leaving Defendant Surety's arguments concerning default judgments without merit. (C. R. p. 157).

B. Requirements of Summary Judgment Were Met

When moving for summary judgment in a bond forfeiture, "the State had the burden of establishing as a matter of law that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law. *Deckard v. State*, 615 S.W.2d at 718 (quoting *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970)).  The necessary elements are "the bond and the judgment nisi." *Id.*

To make a judgment final against the Defendant Surety, the judgment nisi and the bond must be presented.  The burden then shifts to the Defendant Surety and Defendant Principal to show good cause why the Defendant Principal did not appear. *See Hokr v. State*, 545 S.W.2d 463, 465 (Tex. Crim. App. 1977) ("A judgment nisi will be made final unless good cause is shown why the accused did not appear").  The essential elements in a bond forfeiture proceeding are the bond and the judgment nisi. *Deckard*, 615 S.W.2d at 718.  This holds true even in a motion for summary judgment. *See id.*  Attached to the State's motion for

summary judgment was the bond contract and the judgment nisi, which fulfilled

what is required of the State by law. (C. R. p. 142-150).  At both hearings,

Defendant Surety failed to give good cause for Defendant Principal's failure to

appear.  Therefore, the judgment is final.

C. Notice was Sent in Compliance with Art. 22.05

As previously discussed, Article 22.05 requires notice to be sent in the

United States mail to Defendant Principal on the address provided on the bond.

Failure to actually serve Defendant Principal is immaterial because "[f]ormal

service of citation on the principal is clearly not required nor contemplated by Art.

22.05." *Smith*, 566 S.W.2d at 640.  Article 22.05 requires that notice to Defendant

Surety be sent "in the manner required in civil actions." Code Crim. Proc. Ann. art

22.05 (2015).  Accordingly, in a motion for summary judgment, citation to

Defendant Surety must be sent in the manner required by Rule 166a(c).  If the

legislative intent was to require citation to the Defendant Principal in the same

manner, Article 22.05 would have provided such.

Accordingly, Appellant's fourth issue should be overruled.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will remand for new trial on the merits without reference to the issues. Otherwise, the State of Texas asks that this Court will overrule Appellant's issues on appeal, and affirm the forfeiture.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas 78520
Phone: (956) 544-0849
Fax: (956) 544-0869

By: */s/ Rachel Multer Michalewicz*
**Rachel Multer Michalewicz**
Assistant District Attorney
State Bar No. 24092831
Rachel.Michalewicz@co.cameron.tx.us

**Attorneys for the State of Texas**

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document contains 5,002 words (excluding the cover, table of contents, table of authorities, and footnotes). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ Rachel Multer Michalewicz*
Rachel Multer Michalewicz

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's Appellate Brief was mailed via certified mail to Mr. Juan Angel Guerra, at 1021 Fair Park Blvd., Harlingen TX 78550 on the 9th day of July, 2015.


*/s/ Rachel Multer Michalewicz*
Rachel Multer Michalewicz